UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| LAFAYETTE RICKS | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | |
| MPD OFFICER TOMMY BARNES | ) ) | Civil Action No.: 05-1756 HHK |
| *and* | ) ) ) | |
| The District of Columbia | ) ) ) | |
| Defendants. | ) ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION FOR AN EXTENSION**

Plaintiff, through undersigned counsel, hereby files this response to defendant the District of Columbia's request for an extension of the time in which to answer the complaint.

Plaintiff's complaint against the District of Columbia and one of its police officers was filed on September 2, 2005. The complaint was served on the District on September 7, 2005. Pursuant to Sup. Ct. R. Civ. P. 12(a), the District's Answer was due on September 27, 2005. The District did not file an Answer on September 27, 2005. Rather, one day after its filing deadline expired, on September 28, 2005, the District filed at 11:29 p.m. its Motion for an Extension of Time Within Which the Defendants are to File an Answer to the Complaint.

Assiduously ignoring the fact that the complaint was "received" by the District on September 7th, the District's terse, 3-sentence supporting memorandum justifies the District's request for an extension of time on the ground that "undersigned *received* this case on September

21, 2005."[1]  In this jurisdiction, a late-filed extension of time may only be granted "where the failure to act was the result of excusable neglect."  See Sup. Ct. R. Civ. P. 6(b).  Obviously, it is the District of Columbia – and not Assistant Attorney General ("AAG") Urenthea McQuinn – which was named as a defendant in this lawsuit.  Thus, it is the receipt of the complaint by the District of Columbia, and not the AAG, that matters.  That the District of Columbia failed to timely assign the case is not a basis for granting an extension.

While the inability to obtain relevant information from the Metropolitan Police Department ("MPD") might, under some circumstances, constitute excusable delay, there is no basis in this record to support such a finding.  Given the District's reliance on the late assignment of the case to the AAG, the more reasonable assumption is the information needed from MPD to file an answer was not requested until on or after September 21, 2005, when the assigned AAG was assigned the case.  If that it so, then the same lack of excusable neglect that exists with respect to the late assignment infects the District's second basis for an extension.

Perhaps more troubling than the lack of excusable neglect is the pattern and practice of the Office of the Attorney General ("OAG") with respect to the procedural rules that govern the conduct of all litigants.  Although we are aware of no study of the problem (though one is certainly in order), the anecdotal evidence clearly establishes that the District takes its ability to obtain continuances and extensions and enlargements of time for granted.  To be sure, both in public and private practice, lawyers find the need from time to time to seek extensions of filing deadlines.  And opposing counsel routinely grant those requests if they are reasonable and do not

---

[1]  It also claims that "the undersigned must wait for information from the agency involved in order to respond to the Complaint."

become habitual. But opposing counsel are entitled to expect a level of professional courtesy that the OAG frequently fails to extend.

In this case, the District waited until *after* the deadline for filing an Answer had passed before even requesting an extension. This makes no sense. When she "received" the case only six (6) days before the deadline for filing an Answer, surely the AAG knew whether or not she would be able to responsibly file an Answer by September 27, 2005. Thus, she could have explained her predicament and requested the extension the moment she was first assigned the case. We would have been loathe to withhold consent under the circumstances and surely would have consented.

But even the consent that the District purportedly sought *after the fact* powerfully demonstrates the systematic failing of the OAG to play by the rules. Local Rule 7(m) requires that:

> "Before filing any nondispositive motion in a civil action, counsel *shall discuss* the anticipated motion with opposing counsel, either in person or by telephone, in a *good-faith effort* to determine if there is any opposition to the relief sought and, if there is opposition, to narrow the areas of disagreement. A party *shall include* in its motion *a statement that the required discussion occurred*, and a statement as to whether the motion is opposed."

The purpose is to limit the need for motions practice by encouraging agreements between the parties. But the goal of agreement and consent cannot possibly be furthered when consent is sought retroactively (*i.e.*, after a filing deadline expires) and, worse still, under circumstances that cannot possibly promote the purpose of Local Rule 7(m).

Specifically, the assigned AAG has certified that she telephoned undersigned counsel "on the late evening of September 28, 2005" and, using the firm's general line, purports to have left "a detailed voice mail message that this motion would be filed." There was no voicemail

3

message left on either counsel's office voicemail or in the voicemail box for the firm's main number.  Even taking the District's certification at face value, it hardly comports with Rule 7(m).

First, there was no "***good-faith effort to determine if there* [was] *any opposition***" to the extension motion.  By her own admission in a recent telephone call with undersigned counsel, the AAG's Local Rule 7(m) call was placed at 10:20 p.m. – less than an hour before the out-of-time motion was filed.  A phone call placed nearly five and one-half hours after the close of business does not meet the "good-faith" requirement of Rule 7(m).  By its very design, such a call could not have been meant to achieve the rule's purpose since she could not have expected that a discussion would be had at that late hour.  Because no reason has been proffered as to why such a call was not placed early on that day, let alone well before the expiration of the filing deadline, we can only assume the District placed no premium on seeking consent or complying with the spirit of Rule 7(m).[2]

But this is not only about the spirit of Rule 7(m), since the District also violated its letter.  The rule required the District to have (1) had a ***discussion*** with opposing counsel; (2) certified that such a ***discussion*** had taken place; and (3) stated whether the ***discussion*** resulted in consent or opposition.  The District met none of these three requirements.  It never made a "good-faith effort to determine whether there [was] any opposition" to its motion. What's more, it makes no pretext about that fact that it ignored the rule's requirements.  The District does not say it tried to obtain counsel's consent to the motion or to elicit its position; rather, the District makes clear that its only intent was to leave "a detailed voice mail message that this motion would be filed."

---

[2] We assume that the OAG is familiar with Local Rule 7(m) and its purposes since they are also embodied in the D.C. Superior Court Rules.  See Sup. Ct. R. Civ. P. 12-I(a)("Before filing any motion . . . the moving party shall first ascertain whether other affected parties will consent to the relief sought.")

4

But telling opposing counsel a motion will be filed is not the same as discussing it, seeking to resolve it, or at least limiting any dispute about it.

As we have indicated above, if the AAG had abided by the rules and timely requested an extension, plaintiff, through counsel, would have consented. Despite the District's failings, however, plaintiff will not seek the entry of a default judgment. Rather, plaintiff files this response to set the factual record straight and because further disregard for the rules of procedure—and professional courtesy—by the District could well prejudice plaintiff's interests.

Defendants' conduct here is especially troubling because, in counsel's experience, the OAG *routinely* fails to abide by deadlines and rules. We anticipate that the assigned AAG will resist any attempt to look beyond this case to the conduct of her office in other matters. This studied practice is employed with good reason: a fair-minded assessment leads to the inexorable conclusion that there is, at the OAG, a disturbing pattern of laxity with respect to the procedural rules. In a sense, without looking to patterns in the behavior of this institutional litigant, there is a considerable chance that the OAG's practices will remain not only "capable of repetition, yet evading review," but certain of repetition, yet evading review.

In short, we write to voice our objection to a practice we regard as chronic, not occasional, and ask that the OAG be reminded that the rules apply to all litigants. It is our hope in this case that the District's need for special treatment be the exception, not the rule. Plaintiff is indigent and has an interest in moving this litigation forward expeditiously. While there are, of course, legitimate grounds for extensions and other special considerations, it would be unacceptable to us if District's failure to abide by the rules, pay appropriate attention to this case, or honor its deadlines and obligations became habitual.

**CONCLUSION**

For the reasons indicated above, plaintiff responds to, but does not oppose, defendant's motion for an extension.

        Respectfully submitted,

        _____/s/_____
        John Moustakas (DC Bar # 422076)
        David Huitema (DC Bar # 475082)
        Goodwin | Procter LLP
        901 New York Avenue, NW
        Washington, DC 20001
        (202) 346 – 4000
        (202) 346 – 4444 (fax)

        Arthur B. Spitzer (DC Bar #235960)
        Frederick V. Mulhauser, (DC Bar # 455377)
        American Civil Liberties Union
          of the National Capital Area
        1400 20th St., NW, Suite 119
        Washington, DC 20036
        (202) 457-0800
        (202) 452-1868 (fax)

        Attorneys for Lafayette Ricks