IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **LAFAYETTE RICKS,**<br>        **Plaintiff,**<br><br>        v.<br><br>**DISTRICT OF COLUMBIA, and**<br>**MPD OFFICER TOMMY BARNES,**<br>                **Defendants.** | Civil Action No. 05-1756 HHK |

**DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITON TO DEFENDANTS' MOTION FOR AN EXTENSION OF TIME TO FILE AN ANSWER TO THE COMPLAINT**

Pursuant to Fed. R. Civ. P. 6(b), defendants moved for an extension of the time – from September 28, 2005 to and including October 28, 2005 -- within which the defendants are to file an Answer, or other responsive pleading, to the Complaint. The primary reason for the motion was, and continues to be, that the undersigned must wait for information from the agency involved, the District of Columbia Metropolitan Police Department, in order to respond properly to the Complaint. Plaintiff filed an Opposition (entitled a Response) to the defendants' motion. Defendant hereby files this Reply to plaintiff's Opposition.

**I.    DEFENDANTS FILED A TIMELY MOTION FOR AN EXTENSION OF TIME TO FILE AN ANSWER TO THE COMPLAINT**

   **A.    Defendants Timely Filed the Motion for an Extension of Time on September 28, 2005 Because Plaintiff Did Not Serve the Mayor until September 8, 2005.**

The plaintiff filed his Complaint on September 2, 2005. However, contrary to plaintiff's assertions of having served the Complaint on the District of Columbia on September 7, 2005, plaintiff served his Complaint upon the Mayor, through the Office of the Secretary, on September 8, 2005. (See **Attachments 1 and 2**, the copies of the Complaint that are date-

stamped September 8, 2005 by the Secretary of the District of Columbia, who is delegated to receive service on behalf of the Mayor.) Defendants' Answer to the Complaint, therefore, was due on September 28, 2005, twenty (20) days after service upon the Mayor. As such, defendants filed the Motion for an Extension of Time timely on that date: September 28, 2005.

**B.   An Individual from Plaintiff's Office Responded on September 28, 2005**

Although the undersigned called plaintiff's counsel's, John Moustakas', office later than the usual business hours using the telephone number provided by plaintiff on the Complaint, it was not as late as represented by plaintiff. However, someone from Mr. Moustakas' office telephoned the undersigned approximately one hour later that evening after the undersigned had left a detailed message that the motion for an extension of time would be filed. Mr. Moustakas' telephone number was apparent on the caller I.D. system of the undersigned. However, the person who called back would not say anything on the line, although the undersigned said hello several times. The day after the telephone call from John Moustakas' office, John Moustakas, called the undersigned and did not state whether or not he consented to defendants' motion. Instead, Mr. Moustakas ranted in the same carping style as his Opposition about governmental defendants.

**II.   PLAINTIFF WILL NOT BE PREJUDICED BY THE GRANTING OF DEFENDANTS' MOTION**

This case began only weeks ago. Plaintiff filed this lawsuit on September 2, 2005, one month and one week ago. Defendants need the additional time to obtain more information about the allegations in order to provide informed responses to the Complaint. This short extension, which is the first requested in this case, does not prejudice the plaintiff or interfere with the administration of justice.

Mr. Moustakas' behavior is unnecessarily unprofessional as illustrated in the plaintiff's Opposition. His behavior on the telephone, which was the first conversation between counsel, was similarly unprofessional. This behavior does not advance the interests of the plaintiff. It also is difficult to understand this behavior as the defendants merely requested a brief extension to file an Answer. Even plaintiff's argument that the defendant filed its motion one day late, while incorrect, also is incomprehensible as to why plaintiff would file a six-page Opposition on the issue. The defendants remind counsel of the general principles of the D.C. Bar Standards for Civility in Professional Conduct, which state as follows:

> PRINCIPLES OF GENERAL APPLICABILITY: LAWYERS' DUTIES TO OTHER COUNSEL, PARTIES AND THE JUDICIARY
> General Principles:
> 1. In carrying out our professional responsibilities, we will treat all participants in the legal process, including counsel and their staff, parties, witnesses, judges, and court personnel, in a civil, professional, and courteous manner, at all times and in all communications, whether oral or written .

### III. CONCLUSION

Based upon all of the foregoing, defendants, therefore, again request an extension of time until October 28, 2005 within which to file an Answer or other responsive pleadings.

        Respectfully submitted,

        ROBERT J. SPAGNOLETTI
        Attorney General for the District of Columbia

        GEORGE C. VALENTINE
        Deputy Attorney General
        Civil Litigation Division

          /s/
        NICOLE L. LYNCH [D.C. Bar #471953]
        Chief, General Litigation, Section II

                /s/
URENTHEA McQUINN [D.C. Bar #182253]
Assistant Attorney General
441 4th Street, N.W.
Sixth Floor South
Washington, D.C.  20001
(202) 724-6646
(202) 727-0431 (FAX)
urenthea.mcquinn@dc.gov

October 14, 2005