IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

LAFAYETTE RICKS,
                    Plaintiff,


            v.                                        Civil Action No. 05-1756 HHK


DISTRICT OF COLUMBIA, and
MPD OFFICER TOMMY BARNES,
                              Defendants.

## DEFENDANTS' PARTIAL MOTION TO DISMISS

The defendants District of Columbia ("the District") and Metropolitan Police Officer Tommy Barnes, by and through undersigned counsel, and pursuant to Fed. R. Civ. P. 6(b), hereby move this Court to dismiss Counts V, VI, VII AND VIII of the plaintiff's Complaint. As grounds therefor, the facts, as presented by plaintiff, do not show any violation of the Fifth Amendment or Eighth Amendment to the United States Constitution. Defendants have attached hereto a Memorandum of Points and Authorities in support of this Motion and a proposed Order.

Respectfully submitted,

ROBERT J. SPAGNOLETTI
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division


            /s/
NICOLE L. LYNCH [D.C. Bar #471953]
Chief, General Litigation, Section II


            /s/
URENTHEA McQUINN [D.C. Bar #182253]
Assistant Attorney General

441 4th Street, N.W.
Sixth Floor South
Washington, D.C.  20001
(202) 724-6646
(202) 727-3625
urenthea.mcquinn@dc.gov

**Certification**

Pursuant to LCvR 7(m), the undersigned counsel for defendants sent a facsimile to plaintiff's counsel, John Moustakis and Arthur B. Spitzer on October 26, 2005 to obtain consent to the filing of a Motion to Dismiss.  Mr.  Moustakas telephoned and stated that neither of plaintiff's attorneys consented.

/s/
**Urenthea McQuinn [D.C. Bar #182253]**
**Assistant Attorney General, D.C.**

October 28, 2005

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**LAFAYETTE RICKS,**
                                **Plaintiff,**


                **v.**                                          **Civil Action No. 05-1756 HHK**


**DISTRICT OF COLUMBIA, and**
**MPD OFFICER TOMMY BARNES,**
                                        **Defendants.**

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

### Statement of Facts

This case arises out of an injury to plaintiff that allegedly occurred on September 4, 2004, (Complaint, ¶8.), while he was in a D.C. park and told to leave by the District of Columbia Metropolitan Police. (Complaint, ¶13.) According to plaintiff's allegations, after his refusal to leave the park when instructed by Metropolitan Police Officer Tommy Barnes, Officer Barnes placed him under arrest. (Complaint, ¶21.) Plaintiff admits that Officer Barnes told him that he could pay $25.00 to "post and forfeit collateral," which plaintiff did. As such, plaintiff was not held in jail. (Complaint, ¶¶29 & 30.)

### Standard of Review

A motion to dismiss should be granted when it appears that, under any reasonable reading of the complaint, the plaintiff will be unable to prove any set of facts that would justify relief. *Conley v. Gibson*, 355 U.S. 41, 45 (1957). The movant, therefore, is entitled to judgment if there are no allegations in the complaint that, even if proven, would provide a basis for recovery. *Haynesworth v. Miller*, 820 F.2d 1245, 1254 (1987).

Although the non-moving party enjoys the benefit of all inferences that plausibly can be drawn from well-pleaded allegations of his complaint, bare conclusions of law, or sweeping and unwarranted averments of fact, will not be deemed admitted for purposes of the motion. *Id.* The court need not accept inferences drawn by the plaintiff if such inferences are unsupported by the facts set out in the complaint, "[n]or must the court accept legal conclusions cast in the form of factual allegations." *Kowal v. MCI Communications* Corp., 305 U.S. App. D.C. 60, 16 F.3d 1271, 276 (1994).

*Argument*

## I.     THE EIGHTH AMENDMENT IS INAPPLICABLE HEREIN.

The Eighth Amendment prohibits cruel and unusual punishment and excessive fines neither of which occurred herein. The Eighth Amendment provides: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted."

### A. No Cruel and Unusual Punishment Occurred Herein.

A punishment is excessive if it is grossly disproportionate to the severity of the crime, or if it is a purposeless imposition of a severe punishment. See, *e.g.*, *Atkins v. Virginia*, 536 U.S. 304 (2002) or *Weems v. U.S.*, 217 U.S. 349 (1910). The length of a prison sentence cannot be grossly disproportionate to the severity of the crime. See, *e.g.*, *Solem v. Helm*, 463 U.S. 277 (1983). The punishment herein was not excessive because plaintiff chose to pay for the citation rather than go to prison. Naturally, persons arrested by the police have to be placed momentarily in holding cells while being processed upon arrival at the police facilities. Rather than be imprisoned, plaintiff chose to pay $25.00 and "forfeit collateral." Therefore, the Eighth Amendment is not applicable in this case because plaintiff was not imprisoned.

4

**B.  The $25.00 Paid by Plaintiff Was Not an Excessive Fine.**

A forfeiture that is punitive in whole or in part violates the Excessive Fines Clause if it is grossly disproportionate to the gravity of the offense.  *U.S. v. Bajakajian*, 524 U.S. 321 (1998). In this case, the plaintiff paid the required $25.00, rather than go to prison for his disorderly conduct charge.   By no stretch of the imagination is this an excessive fine for plaintiff's disorderly conduct offense.  In fact, it can be viewed as a more than reasonable amount to pay for a misdemeanor offense.  This $25.00 amount is available to all persons who wish to "post and forfeit collateral" and cannot be considered unreasonable.

**II.     PLAINTIFF'S FOURTH AMENDMENT CLAIMS SUBSUME HIS FIFTH AMENDMENT CLAIMS AGAINST DEFENDANTS.**

Plaintiff's Fourth Amendment claims subsume his Fifth Amendment claims.   Plaintiff claims in his Amended Complaint that MPD Officer Tommy Barnes violated his civil rights under Title 42 U.S.C. § 1983 through the 4th Amendment right to be free from unreasonable search and seizure (Amended Complaint, Count I, ¶54-57) and under the Fifth Amendment right to due process. (Amended Complaint,  Counts V, ¶¶68-73 (against Officer Barnes) and VII, ¶¶78-87 (against the District of Columbia)).  Because plaintiff asserted in the Amended Complaint that the actions that triggered 42 U.S.C §1983 was the alleged false arrest, the 5th Amendment is inapplicable to this case.  See *Albright v. Oliver*, 510 U.S. 266, 273 (1994), ("where a particular Amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing these claims.")

**Conclusion**

5

Based upon the foregoing reasons, plaintiff's Fifth Amendment and Eighth Amendment claims against the District of Columbia and Officer Tommy Barnes should be dismissed with prejudice.

Respectfully submitted,

ROBERT J. SPAGNOLETTI
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

_____/s/_____
NICOLE L. LYNCH [D.C. Bar #471953]
Chief, General Litigation, Section II

_____/s/_____
URENTHEA McQUINN [D.C. Bar #182253]
Assistant Attorney General
441 4th Street, N.W.
Sixth Floor South
Washington, D.C.  20001
(202) 724-6646
(202) 727-3625
urenthea.mcquinn@dc.gov

October 28, 2005