UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LAFAYETTE RICKS )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MPD OFFICER TOMMY BARNES )<br>)<br>*and* )<br>)<br>THE DISTRICT OF COLUMBIA )<br>)<br>Defendants. )<br>) | Civil Action No.: 05-1756 HHK |

**PLAINTIFF'S MEMORANDUM OF POINTS & AUTHORITIES IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

Plaintiff, through undersigned counsel, hereby files this opposition to defendants' motion to dismiss claims V through VIII of the complaint.  Those claims relate to the improper way in which defendants used the "post and forfeit" procedure to impose punishment on Mr. Ricks after his baseless arrest for eating lunch in a public park and refusing to kowtow to an indiscriminate and unconstitutional exercise of brute power by the police.  Since any fine imposed to end a patently baseless arrest is excessive, extracting a $25 fine in this case violated the excessive bail and fine clauses of the Eighth Amendment.  In addition, defendants' use of "post and forfeit" in this case was intended to impose punishment upon Mr. Ricks, in violation of the Due Process Clause of the Fifth Amendment.

In their motion, defendants argue that Mr. Ricks cannot state a claim for violation of the Eighth Amendment with regard to the coercive and punitive use of "post and forfeit," and that Mr. Ricks's Fifth Amendment claims are somehow subsumed within the Fourth Amendment unlawful arrest claim. As we show below, both of defendants' arguments are wrong.

## STATEMENT OF FACTS

This lawsuit relates to the defendants' unlawful arrest of Mr. Ricks while he was eating lunch in a public park, and to the improper way in which defendants subsequently used the "post and forfeit" procedure to impose excessive bail or an excessive fine on plaintiff as punishment for failing to kowtow to patently invalid police demands. Mr. Ricks alleges that he was eating lunch in a public park and reading the newspaper when defendant Barnes yelled at him, without any legal authority whatsoever, to leave the park and then arrested him for refusing to cede his constitutional right to stay. *See* Complaint ¶¶ 8, 10, 13, 15, 21. Barnes forcefully pushed Mr. Ricks to the ground and cut his wrist while arresting him. *See id.* ¶¶ 22-24. These and other allegations surrounding plaintiff's arrest underlie the first four claims in the complaint. Mr. Ricks asserts claims of assault and battery, false arrest, intentional infliction of emotional distress, and violation of Fourth Amendment rights. *See id.* claims I – IV. Defendants have not moved to dismiss any of these claims.

The rest of the claims in the complaint relate to the way in which defendants employed the "post and forfeit" procedure to resolve Mr. Ricks's arrest after he had been transported to the station house. Through the "post and forfeit" procedure, the arrestee "posts" $25 or $50 as collateral securing his appearance at trial, and then agrees to forfeit any right to recoup that collateral. *See id.* ¶ 33. The police, in turn, agree not to press charges against the arrestee. *See*

2

*id.* "Post and forfeit" is an elaborate legal fiction; in all practical effect the arrestee has paid a fine to end his confinement and dispose of the charges. *See id.* ¶ 33-34.

Here, Mr. Ricks alleges that Officer Barnes employed the "post and forfeit" procedure as punishment for failing to accede to the policeman's unconstitutional demands, fully expecting that Mr. Ricks's inability to pay the $25 fine would result in his improper incarceration for three days over the Labor Day weekend before a prosecutorial check on such overreaching behavior would result in the charges being dropped. *See id.* ¶¶ 27, 29. Defendants did not make any other avenue of release available to him, even though they had alternatives such as citation release at their disposal that would have allowed Mr. Ricks to end his confinement without paying money. *See id.* ¶¶ 36-37. At no time did Officer Barnes have any reasonable basis to believe that Mr. Ricks had committed any criminal offense, and Mr. Ricks alleges that Barnes never expected any charges to be filed. *See id.* ¶¶ 40-41.

Mr. Ricks therefore asserts that the recourse to "post and forfeit" in this case constituted punishment prior to trial, in violation of the Fifth Amendment. *See id.* Count V, ¶¶ 68-73. Mr. Ricks further asserts that requiring him to post collateral in order to secure his release in this case constitutes the imposition of excessive bail and an excessive fine in violation of the Eighth Amendment. *See id.* Count VI, ¶¶ 74-77. Because the District of Columbia knew or should have known that the Metropolitan Police Department has a pattern or practice of misusing the "post and forfeit" procedure in cases involving arrestees who are believed to be indigent, and because the District of Columbia has failed to adequately train or supervise with regard to the proper use of "post and forfeit," the District of Columbia is liable for these violations of Mr. Ricks's constitutional rights. *See id.*, Counts VII-VIII, ¶¶ 78-97. These are the claims that are the subject of defendants' motion to dismiss.

3

**ARGUMENT**

The burden is high for a party seeking to dismiss a claim. "Dismissal for failure to state a claim is appropriate only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Chandler v. D.C. Dep't of Corr.*, 145 F.3d 1355, 1360 (D.C. Cir. 1998) (allowing Eighth Amendment claim based on verbal threat to go forward) (citation and internal quotation omitted); *see also Kingman Park Civic Ass'n v. Williams*, 348 F.3d 1033, 1040 (D.C. Cir. 2003) (noting that "the complaint need only set forth 'a short and plain statement of the claim'" and that the complaint need not even "allege every legal element or fact that must be proven") (citation omitted). A motion to dismiss is not an opportunity to evaluate the sufficiency of the evidence supporting the complaint's allegations, and the court must "construe the complaint liberally, granting plaintiff the benefit of all inferences that can be derived from the facts alleged." *Barr v. Clinton*, 370 F.3d 1196, 1199 (D.C. Cir. 2004) (internal quotation marks omitted).

Defendants raise only two arguments in their motion to dismiss. First, they argue that plaintiff cannot state a claim under the Eighth Amendment because the fee imposed on him was not cruel and unusual punishment or an excessive fine. Motion to Dismiss at 4-5. Second, they argue that plaintiff's Fourth Amendment claim (which relates to his arrest) "subsumes" the subsequent Fifth Amendment claims (which are based on defendants' use of "post and forfeit" with the intent and effect of punishing the plaintiff). *Id*. at 5. As we now demonstrate, neither argument has merit.

**A. The "Post & Forfeit" Fee Constitutes an Excessive Fine and an Excessive Bond Under These Circumstances.**

The Eighth Amendment protects against three types of governmental abuse: (1) inflicting "cruel and unusual punishments", (2) requiring "excessive bail", and (3) imposing "excessive fines." U.S. Const. amend VIII. Curiously, defendants devote much of their argument to refuting the applicability of the "cruel and unusual punishment" clause (Motion to Dismiss at 4), but this is not the gravamen of Mr. Ricks's complaint. Rather, Mr. Ricks attacks the defendants' use of "post and forfeit" to effect excessive bail and an excessive fine. Complaint ¶¶ 76, 95.

Defendants ignore the bar against excessive bail, even though the $25 that plaintiff was coerced into paying was ostensibly collateral securing his return for trial. Bail or other conditions of release violate the Eighth Amendment if they are "'excessive' in light of the perceived evil." *United States. v. Salerno*, 481 U.S. 739, 754 (1987). Accordingly, bail must be set "'having regard to the nature and circumstances of the offense charged, the weight of the evidence . . . , the financial ability of the defendant to give bail and the character of the defendant.'" *Stack v. Boyle*, 342 U.S. 1, 5 n.3 (1951) (quoting Fed. R. Crim. P. 46(c) as it then existed).[1]

Under the circumstances of this case, requiring collateral even in the modest amount of $25 was excessive. Here, there was no justification for the arrest in the first place and no expectation that criminal charges would be pursued in the event that Mr. Ricks chose or could not afford to "post" collateral (as Barnes initially expected). It is one thing to accept forfeited collateral as a fine when the government otherwise could go forward with criminal charges. It is quite another to purposefully offer "post and forfeit" as a bluff, coercing a $25 collateral

---

[1] Similar criteria are now set out in 18 U.S.C. § 3142(g).

payment when the government already knows that it would and could not go forward with charges.

Moreover, bail may not constitutionally be set as a surrogate for detention without bond. *See, e.g., Sistrunk v. Lyons*, 646 F.2d 64, 70 (3d Cir. 1981) ("Our criminal system has made a basic choice: crimes are to be deterred by the threat of subsequent punishment, not by prior confinement. States should not be permitted to undermine this judgment by substituting pretrial detention in the guise of excessive bail for the existing criminal system which favors freedom prior to conviction"); *cf. Salerno*, 481 U.S. at 755 (noting that "detention prior to trial or without trial is the carefully limited exception" to the norm of pre-trial release protected by the excessive bail clause); *Stack*, 342 U.S. at 4 (discussing historic preference for pre-trial release through bail). Yet, the complaint alleges, Officer Barnes foisted "post and forfeit" upon Mr. Ricks—rather than releasing him outright or with a citation—to effect just such a prohibited result. As Barnes's comments and questions about Mr. Ricks's homelessness indicate, Barnes's cynical offer was made with the expectation that Mr. Ricks's poverty would result in an inability to "post," causing him to spend the Labor Day weekend in jail. For these same reasons, Mr. Ricks alleges that defendants made use of "post and forfeit" to improperly punish him for his perceived disrespect, which is not a legitimate purpose for bail. Requiring Mr. Ricks to post collateral cannot be justified under the Eighth Amendment because defendants had constitutionally acceptable alternatives.

Defendants do not dispute that the "excessive fines" clause is implicated by the $25 penalty imposed on Mr. Ricks, but they treat his claims as a facial challenge to the "post and forfeit" procedure. In fact, however, Mr. Ricks is only challenging the use of that procedure in his case and cases with like facts. Plaintiff does not contest that $25 "can be viewed as a more

than reasonable amount to pay for a misdemeanor offense." Motion to Dismiss at 5. But when an officer knowingly and maliciously charges a fabricated offense with the animus alleged in this complaint, even an otherwise modest fine of $25 fine is excessive.[2]

Defendants do not even try to argue that, in this context, the penalty imposed on Mr. Ricks was not excessive. Nor do they cite any cases to that effect. Accordingly, their motion to dismiss Counts VI and VIII of the complaint must fail.

### B. Plaintiff's Fifth Amendment Claims Are Not Subsumed Within His Fourth Amendment Claims.

According to defendants, a civil rights plaintiff cannot allege serial violations of constitutional rights. Because defendants first violated Mr. Ricks's Fourth Amendment rights by arresting him with no justification, defendants argue that any subsequent constitutional violations are "subsumed" within that Fourth Amendment claim. *See* Motion to Dismiss at 5. This is defendants' sole argument for dismissing Counts V and VII, and it fails. Defendants have cited no support for their far-fetched notion because there is none.

The only authority defendants proffer is inapt. In *Albright v. Oliver*, 510 U.S. 266 (1994), the Supreme Court considered whether to recognize a new, previously unexplored substantive due process right "to be free from criminal prosecution except upon probable cause." *Id.* at 268. Rather than extend the due process clause in a novel way, the Supreme Court found that plaintiff's claim may have actually stated a Fourth Amendment violation. *Id.* at 273-75.

---

[2] Moreover, "post and forfeit" is meant as something of a *quid pro quo*. The arrestee agrees to pay what amounts to a fine for his alleged offense so that the government will agree not to go forward with charges. When there is probable cause to believe that a misdemeanor has been committed, this procedure is an efficient and legitimate way to resolve the matter for both parties. But here, plaintiff was coerced into paying $25 even though defendants never expected that charges against him would be pursued, and did not want them to be pursued, because they were bogus.

By stark contrast, Mr. Ricks's Fifth Amendment claims do not require the Court to recognize a previously undiscovered substantive due process right. To the contrary, the application of "post and forfeit" procedures to inflict punishment on him as alleged in the complaint states a well-recognized claim that imposing punishment upon an arrestee prior to trial violates due process.[3] It is clearly established that treatment of arrestees violates due process if there is an "expressed intent to punish," or if there is either no alternative regulatory purpose for the treatment or the treatment is excessive in relation to the alternative, regulatory purpose. *Bell*, 441 U.S. at 538; *see also Schall*, 467 U.S. at 269; *Rapier v. Harris*, 172 F.3d 999, 1005 (7th Cir. 1999). Nowhere in their motion do defendants even acknowledge, let alone address or attempt to distinguish, this line of cases. As such, defendants have come nowhere close to satisfying their burden on a motion to dismiss.

## CONCLUSION

For the reasons indicated above, the Court should deny defendants' motion to dismiss.

---

[3] *See, e.g., Salerno*, 481 U.S. at 746-47 (accepting that punitive pretrial detention would violate substantive due process); *Bell v. Wolfish*, 441 U.S. 520, 535 (1979) ("under the Due Process Clause, a detainee may not be punished prior to an adjudication of guilt in accordance with due process of law"); *Schall v. Martin*, 467 U.S. 253, 273 (1984) (rejecting facial challenge to preventive detention of juveniles, but leaving open possibility that "case-by-case" consideration could reveal detentions made with intent to punish that violate due process); *Slade v. Hampton Roads Reg'l Jail*, 407 F.3d 243, 250-52 (4th Cir. 2005) (holding that $1/day fee assessed to pre-trial detainees served legitimate regulatory purposes and was not a punishment, and thus did not violate substantive due process); *Gaylor v. Does*, 105 F.3d 572, 577-78 (10th Cir. 1997) (failure to notify arrestee that bail could be posted to end detention was punitive and thus violated due process; "a policy not to inform detainees of their bail status" would satisfy first element for municipal liability); *McMillian v. Johnson*, 88 F.3d 1554, 1557, 1564 (11th Cir. 1996) (plaintiff alleged "that state and local officials prosecuted and punished him for a crime that they knew he did not commit," and court held that "[d]ue process prohibits a state from punishing a pretrial detainee at all until he is lawfully convicted of a crime," and this right to be free of pre-trial punishment was clearly established).

Respectfully submitted,

_____/s/_____
John Moustakas (DC Bar # 422076)
David Huitema (DC Bar # 475082)
Goodwin | Procter LLP
901 New York Avenue, NW
Washington, DC 20001
(202) 346-4000
(202) 346-4444 (fax)

Arthur B. Spitzer (DC Bar #235960)
Frederick V. Mulhauser, (DC Bar # 455377)
American Civil Liberties Union
   of the National Capital Area
1400 20th St., NW, Suite 119
Washington, DC 20036
(202) 457-0800
(202) 452-1868 (fax)

Attorneys for Lafayette Ricks

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| LAFAYETTE RICKS | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| MPD OFFICER TOMMY BARNES | ) ) | Civil Action No.: 05-1756 HHK |
| *and* | ) ) ) | |
| THE DISTRICT OF COLUMBIA | ) ) | |
| Defendants. | ) ) | |

## **ORDER**

Upon consideration of the Defendants' Partial Motion to Dismiss and Memorandum of Law, along with Plaintiff's Memorandum of Points and Authorities in Opposition and all related papers, it is hereby ORDERED:

That the Motion to Dismiss is DENIED.

So ORDERED this ___ day of _____, 2005.

_____
Henry H. Kennedy, Jr.
United States District Judge