**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **LAFAYETTE RICKS,**<br>                    **Plaintiff,**<br><br>         **v.**<br><br>**DISTRICT OF COLUMBIA, and**<br>**MPD OFFICER TOMMY BARNES,**<br>                         **Defendants.** | **Civil Action No. 05-1756 HHK** |

**DEFENDANTS' AMENDED ANSWER TO THE COMPLAINT**

Defendants District of Columbia and Officer Tommy Barnes hereby submit their Amended Answer to the Complaint in the above-captioned case.

**JURISDICTION**

1. Defendants state that the allegations contained in paragraph 1 of the Complaint are conclusions of law by plaintiffs to which no response is required.

2. Defendants state that the allegations contained in paragraph 2 of the Complaint are conclusions of law by plaintiffs to which no response is required.

3. Defendants state that the allegations contained in paragraph 3 of the Complaint are conclusions of law by plaintiffs to which no response is required.

**PARTIES**

4. Defendants lack sufficient knowledge or information at this time about the allegations contained in paragraph 4 of the Complaint, and on that basis it denies them pending strict proof at trial.

5. Defendants admit the allegations contained in the first, second and third sentences of paragraph 5 of the Complaint. Defendants state that the allegations contained in the fourth sentence of paragraph 5 of the Complaint are conclusions of law by plaintiff to which no response is required.

6. Defendants admit the allegations contained in paragraph 6 of the Complaint.

7. Defendants admit the allegations contained in paragraph 7 of the Complaint.

## FACTS

8. Defendants lack sufficient knowledge or information at this time about the allegations contained in paragraph 8 of the Complaint, and on that basis they deny them pending strict proof at trial.

9. Defendants deny the allegations contained in the first sentence of paragraph 9 of the Complaint. Defendants admit the allegations contained in the second sentence of paragraph 9 of the Complaint. Defendants lack sufficient knowledge or information at this time about the allegations contained in the third sentence of paragraph 9 of the Complaint, and on that basis they deny them pending strict proof at trial.

10. Defendants admit the allegations contained in the first sentence of paragraph 10 of the Complaint. Defendants deny the allegations contained in the second sentence of paragraph 10 of the Complaint.

11. Defendants admit the allegations contained in the paragraph 11 of the Complaint.

12. Defendants deny the allegations contained in paragraph 12 of the Complaint.

13. Defendants deny the allegations contained in paragraph 13 of the Complaint.

14. Defendants deny the allegations contained in paragraph 14 of the Complaint.

15. Defendants deny the allegations contained in paragraph 15 of the Complaint.

16. Defendants deny the allegations contained in paragraph 16 of the Complaint.

17. Defendants deny the allegations contained in paragraph 17 of the Complaint.

18. Defendants deny the allegations contained in paragraph 18 of the Complaint.

19. Defendants admit that Officer Barnes stated, at some point during the encounter, that he was going to arrest plaintiff, and admit that plaintiff did call Officer Barnes an "asshole" and uttered numerous other profanities at Officer Barnes.

20. Defendants deny the allegations contained in paragraph 20 of the Complaint.

21. Defendants deny the allegations contained in the first sentence of paragraph 21 of the Complaint. Defendants admit the allegations contained in the second sentence of paragraph 21 of the Complaint that plaintiff was arrested for disorderly conduct.

22. Defendants deny the allegations contained in the first and second sentences of paragraph 22 of the Complaint. Defendant lacks sufficient knowledge or information at this time about the allegations contained in the third sentence of paragraph 22 of the Complaint, and on that basis it denies them pending strict proof at trial.

23. Defendants deny the allegations contained in paragraph 23 of the Complaint.

24. Defendants deny the allegations contained in paragraph 24 of the Complaint.

25. Defendants admit that Officer Barnes told plaintiff that he was going to call a transportation van for plaintiff. Defendants deny all other allegations of paragraph 25 of the Complaint.

26. Defendant lacks sufficient knowledge or information at this time about the allegations contained in the first sentence of paragraph 26 of the Complaint, and on that basis it denies them pending strict proof at trial. Defendants deny the allegations contained in the second and third

sentences of paragraph 26 of the Complaint, but state that plaintiff did call Officer Barnes a "motherfucker."

27. Defendants admit the allegations contained in the first sentence of paragraph 27 of the Complaint. Defendants deny the allegations contained in the second sentence of paragraph 27 of the Complaint. Defendants state that the allegations contained in the third sentence of paragraph 27 of the Complaint are conclusions of law by plaintiff to which no response is required. Defendants state that the fourth sentence of paragraph 27 of the Complaint does not require an answer.

28. Defendants deny the allegations contained in paragraph 28 of the Complaint.

29. Defendants deny the allegations contained in paragraph 29 of the Complaint with the exception that Officer Barnes did tell plaintiff that he had the option of post and forfeit.

30. Defendants admit the allegations contained in paragraph 30 of the Complaint.

31. Defendants deny the allegations contained in paragraph 31 of the Complaint.

32. Defendants deny the allegations contained in paragraph 32 of the Complaint.

33. Defendants admit the allegations contained in the first and second sentences of paragraph 33 of the Complaint with the exception that the amount is $25. Defendants state that the allegations contained in the third and fourth sentences of paragraph 33 of the Complaint are conclusions of law by plaintiff to which no response is required.

34. Defendants state that the allegations contained in paragraph 34 of the Complaint are conclusions of law by plaintiff to which no response is required.

35. Defendants state that the allegations contained in paragraph 35 of the Complaint are conclusions of law by plaintiff to which no response is required.

36. Defendants deny the allegations contained in paragraph 36 of the Complaint.

37. Defendants deny the allegations contained in paragraph 37 of the Complaint.

38. Defendants state that the allegations contained in paragraph 38 of the Complaint are conclusions of law by plaintiff to which no response is required.

39. Defendants state that the allegations contained in paragraph 39 of the Complaint are conclusions of law by plaintiff to which no response is required.

40. Defendants deny the allegations contained in paragraph 40 of the Complaint.

41. Defendants deny the allegations contained in paragraph 41 of the Complaint.

42. Defendants deny the allegations contained in the first sentence of paragraph 42 of the Complaint, but states that physical force was not used.   Defendants deny the allegations contained in the second sentence of paragraph 42 of the Complaint.

43. Defendants state that the allegations contained in paragraph 43 of the Complaint are conclusions of law by plaintiff to which no response is required.

44. Defendants state that the allegations contained in paragraph 44 of the Complaint are conclusions of law by plaintiff to which no response is required.

45. Defendants deny the allegations contained in paragraph 45 of the Complaint.

46. Defendants deny the allegations contained in paragraph 46 of the Complaint.

47. Defendants deny the allegations contained in paragraph 47 of the Complaint.

48. Defendants deny the allegations contained in paragraph 48 of the Complaint.

49. Defendants deny the allegations contained in paragraph 49 of the Complaint.

50. Defendants deny the allegations contained in paragraph 50 of the Complaint.

51. Defendants deny the allegations contained in paragraph 51 of the Complaint.

52. Defendants state that the allegations contained in paragraph 52 of the Complaint are conclusions of law by plaintiff to which no response is required.

53. Defendants state that the allegations contained in paragraph 53 of the Complaint are conclusions of law by plaintiff to which no response is required.

## CLAIMS FOR RELIEF
### I. Violation of Fourth Amendment Rights
**(Defendant Barnes)**

54. Defendants deny the allegations contained in paragraph 54 of the Complaint.

55. Defendants deny the allegations contained in paragraph 55 of the Complaint.

56. Defendants deny the allegations contained in paragraph 56 of the Complaint.

57. Defendants deny the allegations contained in paragraph 57 of the Complaint.

### II. Assault and Battery
**(Defendant Barnes)**

58. Defendants deny the allegations contained in paragraph 58 of the Complaint.

59. Defendants deny the allegations contained in paragraph 59 of the Complaint.

60. Defendants deny the allegations contained in paragraph 60 of the Complaint.

61. 47. Defendants deny the allegations contained in paragraph 61 of the Complaint.

### III. False Arrest
**(Defendant Barnes)**

62. Defendants deny the allegations contained in paragraph 62 of the Complaint.

63. Defendants deny the allegations contained in paragraph 63 of the Complaint.

64. Defendants deny the allegations contained in paragraph 64 of the Complaint.

### IV. Intentional Infliction of Emotional Distress
**(Defendant Barnes)**

65. Defendants deny the allegations contained in paragraph 65 of the Complaint.

66. Defendants lack sufficient knowledge or information at this time about the allegations contained in paragraph 66 of the Complaint, and on that basis it denies them pending strict proof at trial.

67. Defendants deny the allegations contained in paragraph 67 of the Complaint.

## V. Violation of Fifth Amendment Rights
### (Defendant Barnes)

68. Defendants deny the allegations contained in paragraph 68 of the Complaint.

69. Defendants deny the allegations contained in paragraph 69 of the Complaint.

70. Defendants deny the allegations contained in paragraph 70 of the Complaint.

71. Defendants deny the allegations contained in paragraph 71 of the Complaint.

72. Defendants deny the allegations contained in paragraph 72 of the Complaint.

73. Defendants state that the allegations contained in paragraph 73 of the Complaint are conclusions of law by plaintiffs to which no response is required.

## VI. Violation of Eighth Amendment Rights
### (Defendant Barnes)

74. Defendants deny the allegations contained in paragraph 74 of the Complaint.

75. Defendants deny the allegations contained in paragraph 75 of the Complaint.

76. Defendants deny the allegations contained in paragraph 76 of the Complaint.

77. Defendants deny the allegations contained in paragraph 77 of the Complaint.

## VII. Violation of Fifth Amendment Rights

### (Defendant District of Columbia)

78. Defendants deny the allegations contained in paragraph 78 of the Complaint.

79. Defendants deny the allegations contained in paragraph 79 of the Complaint.

80. Defendants deny the allegations contained in paragraph 80 of the Complaint.

81. Defendants deny the allegations contained in paragraph 81 of the Complaint.

82. Defendants deny the allegations contained in paragraph 82 of the Complaint.

83. Defendants deny the allegations contained in paragraph 83 of the Complaint.

84. Defendants deny the allegations contained in paragraph 84 of the Complaint.

85. Defendants deny the allegations contained in paragraph 85 of the Complaint.

86. Defendants deny the allegations contained in paragraph 86 of the Complaint.

87. Defendants state that the allegations contained in paragraph 87 of the Complaint are conclusions of law by plaintiffs to which no response is required.

### VIII. Violation of Eighth Amendment Rights
### (Defendant District of Columbia)

88. Defendants deny the allegations contained in paragraph 88 of the Complaint.

89. Defendants deny the allegations contained in paragraph 89 of the Complaint.

90. Defendants deny the allegations contained in paragraph 90 of the Complaint.

91. Defendants deny the allegations contained in paragraph 91 of the Complaint.

92. Defendants deny the allegations contained in paragraph 92 of the Complaint.

93. Defendants deny the allegations contained in paragraph 93 of the Complaint.

94. Defendants deny the allegations contained in paragraph 94 of the Complaint.

95. Defendants deny the allegations contained in paragraph 95 of the Complaint.

96. Defendants deny the allegations contained in paragraph 96 of the Complaint.

97. Defendants state that the allegations contained in paragraph 97 of the Complaint are conclusions of law by plaintiffs to which no response is required.

Defendants state that no response is required to plaintiff's Prayer for Relief on pages 15 and 16 of the Complaint.

### General Denial

Defendants deny all allegations of unreasonable and unlawful conduct, and all other allegations not previously admitted or otherwise answered. Defendants admit no allegations

8

unless clearly so stated above. Defendants also reserve the right to amend its Answer and to add defenses that become apparent in discovery.

## First Defense

The Complaint fails to state a claim upon which relief may be granted.

## Second Defense

If the plaintiff has been damaged as he alleges, such damages were the result of the plaintiff's unlawful or wrongful conduct, intentional acts, willful, and/or wantonly negligent conduct, sole, concurrent or contributory negligence and assumption of the risk, and/or other acts or omissions of plaintiff himself and or person(s) other than the defendant, and/ or person(s) not a party to this lawsuit.

## Third Defense

Plaintiff failed to mitigate his damages.

## Fourth Defense

Plaintiff may have failed to comply with the mandatory notice requirements of D.C. Code Section 12-309.

## Fifth Defense

Plaintiff's claims may be barred by laches, waiver, collateral estoppel, *res judicata*, unclean hands, and/or the relevant statute of limitations.

## Sixth Defense

Plaintiff may have failed to exhaust administrative remedies.

## Seventh Defense

At all times relevant, defendant District of Columbia, its employees, agents, or servants acted in conformance with pertinent rules and regulations then in effect.

### Eighth Defense

Plaintiff's claims may be barred under the doctrines of absolute immunity, discretionary immunity, governmental immunity, official immunity, qualified immunity, sovereign immunity, privilege and/or other immunity.

### Ninth Defense

The District of Columbia is not liable for the criminal or tortious acts of District of Columbia agents, employees, and/or servants, inasmuch as such acts are considered to be outside the scope of their employment.

### Tenth Defense

To the extent that plaintiffs were damaged and/or injured as alleged in the Complaint, said damages and/or injuries resulted from the action or failure to act of third parties not a party to this action.

### Eleventh Defense

As a matter of law, punitive damages may not be recovered against the District of Columbia.

### Twelfth Defense

Defendants reserve the right to assert any and all defenses that are supported by facts learned through discovery or at trial herein.

### Thirteenth Defense

Defendants' actions were taken in good faith, or with probable cause, and/or with a reasonable good faith belief in their lawfulness.

## Fourteenth Defense

The actions of defendant's agents, servants and/or employees were reasonably necessary to enforce the laws, statutes and/or regulations of the United States and/or the District of Columbia.

## Set-Off

The District of Columbia claims a set-off against any judgment obtained by plaintiffs for any treatment, other benefits or assistance provided by the District of Columbia.

## Jury Demand

Defendants request a trial by the maximum number of jurors permitted by law of all issues so triable.

**WHEREFORE**, defendants respectfully urge the Court to dismiss the Complaint with prejudice, and to award it the expense of this litigation, costs and interest, and such other relief as the Court deems just and proper.

Respectfully submitted,

ROBERT J. SPAGNOLETTI
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

_____/s/_____
NICOLE L. LYNCH [D.C. Bar #471953]
Chief, General Litigation, Section II

_____/s/_____
URENTHEA McQUINN [D.C. Bar #182253]
Assistant Attorney General
441 4th Street, N.W.
Sixth Floor South

Washington, D.C.  20001
(202) 724-6646
(202) 727-0431 (FAX)
urenthea.mcquinn@dc.gov

December 9, 2005