UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| LAFAYETTE RICKS | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| MPD OFFICER TOMMY BARNES DISTRICT OF COLUMBIA | ) ) ) | Civil Action No.: 05-1756 HHK/DAR |
| Defendants. | ) ) ) | |

### PLAINTIFF'S OPPOSITION TO DEFENDANTS' RENEWED MOTION FOR AN EXTENSION OF TIME FOR RESPONDING TO FEE PETITION

Plaintiff, through undersigned counsel, hereby opposes defendants' renewed request for additional time in which to respond to plaintiff's Rule 54(d) fee petition. The justifications for an extension offered by the District of Columbia ("the District") have no merit, and the District has not met and conferred with plaintiff's counsel in good faith in order to narrow the issues in dispute, as required by Local Rule 7(m). Finally, the disregard for deadlines, court rules, and professional courtesy shown by the District with regard to plaintiff's fee petition continues a pattern already evident earlier in the case, and in other cases in which the District is a litigant. The bottom line is that no opposition was filed, and no extension was granted, before the time for a response had run. Plaintiff's Rule 54(d) motion for fees is ripe for decision and should be granted without further delay.

**1.    The District's Justifications for an Extension Are Baseless.**

The District captions its motion as a *renewed* request for an extension, as if the Court had deferred ruling on its original motion, or new facts had come to light. Instead, the District offers the same two justifications for an extension now as it did in its original March 10 motion, which the Court properly denied. Both of those justifications are baseless.

First, the District argues that "the plaintiff's brief is quite lengthy and will require more than the usual eleven days within which to respond." In fact, the brief is only thirteen pages long. Nor are the billing records voluminous, because the case was resolved after limited motions practice and before discovery had begun. The District does not identify any legal issues that are unusual for a fee petition, and the District has already conceded in its Offer of Judgment that plaintiff is entitled to a fee award.

The only other justification for an extension offered by the District is that Ms. McQuinn, the Assistant Attorney General who has had primary responsibility for this case, *will* be away from the office for several days before March 29 for medical reasons, "which *will* further reduce the time for preparing a response." At no point does Ms. McQuinn indicate that she was away from the office *before* the District's opposition was due on March 10. Thus, Ms. McQuinn's *future* absence from the office is not a justification for an extension beyond March 10 at all.[1]

2.     **The District Failed to Meet and Confer in Good Faith Regarding the Fee Petition or the Request for an Extension.**

The District has never engaged in a meaningful effort to resolve either the substance of plaintiff's fee petition or the schedule for briefing the fee petition in this Court. Thus, the District has not satisfied Local Rule 7(m) and its motion should be denied for that reason.

After plaintiff accepted the District's Offer of Judgment, counsel for plaintiff contacted the Office of the Attorney General ("OAG") in an attempt to negotiate the fee award in this case. Declaration of David P. Huitema ¶ 2 (Exhibit 1 hereto). The OAG then insisted that plaintiff

---

[1] If the Court decides to grant the District's request for an extension, plaintiff does not oppose the March 29 deadline suggested by the District to accommodate Ms. McQuinn's medical needs.

send his fee request in a letter before any discussions could ensue. Plaintiff did so on January 17, 2005, providing a rough, initial breakdown of the time spent on the various functions performed in the case, and offering a discounted settlement. *Id.* ¶ 3 & Ex. A. Following that letter from plaintiff, the OAG had promised to set up a conference call to discuss the fee award, but the OAG never did so. *Id.* ¶ 4. Instead, several days later Ms. McQuinn simply left a voice message rejecting plaintiff's initial fee demand, yet offering no counterproposal. Ms. McQuinn also e-mailed a short letter late on Friday evening, January 27 (a day or so after the conference call was to have taken place), demanding that plaintiff provide detailed billing records and file the offer and acceptance of judgment with the Court. *Id.* ¶ 5 & Ex. B.

In response, plaintiff's counsel explained by phone and in a letter on January 31, 2006 that they would immediately begin to organize their billing records, and that plaintiff was still awaiting substantive discussion of fees with the District. *Id.* ¶ 6 & Ex. C. Plaintiff's counsel also objected to filing a Notice of Acceptance with the court until "we either have an agreement with the District on fees or conclude that such an agreement is unlikely." Plaintiff's reasoning was that entry of judgment would trigger the 14-day deadline for filing a fee petition under Rule 54(d)(2).

Despite plaintiff's objection, the District proceeded to file the Notice of Acceptance without any further consultation. *Id.* ¶ 7. Just sixteen minutes before that filing, Ms. McQuinn e-mailed a backdated letter that purported to give forewarning of the District's intent to file with the Court. *Id.* ¶ 8 & Ex. D.

After the District unilaterally filed the Notice of Acceptance with the Court, plaintiff reached out once more. In a letter dated February 6, 2006, plaintiff's counsel asked "how quickly the District will respond with an offer" after receiving counsel's billing records, and

3

inquired as to "the District's current thinking about what a reasonable fee award would be in this case." *Id.* ¶ 9 & Ex. E. Plaintiff's counsel indicated that they would agree to an extension in the briefing schedule for the fee petition if the District showed its good faith by responding promptly to the letter. Instead, the District has *never* responded to the February 6, 2006 letter, and to this day the District has *never* engaged in a discussion with plaintiff's counsel about a reasonable fee award for this case. *Id.* ¶ 10.

Even after plaintiff filed his fee petition, the District did not attempt to meet and confer, either with regard to the fee petition itself or the District's response. Instead, the District waited until the day before its opposition was to be filed, at which point Ms. McQuinn sent an e-mail that stated, in its entirety, "May we have your consent to our motion [sic] to respond to your fee petition by March 29, 2006?" *Id.* ¶ 11 & Ex. F. Plaintiff's counsel immediately responded by e-mail that they would like to know the reasons the District needed more time before agreeing to an extension.

Ms. McQuinn offered only the same rationales that the District now repeats to the Court: That Ms. McQuinn would be out of the office *after* the March 10 deadline for filing the opposition, and that the fee petition was lengthy. *Id.* ¶ 12. As we explained above, the first rationale is not relevant, and the second is not accurate. Ms. McQuinn could not narrow the issues by explaining which aspects of the fee petition required extra time. In fact, it was impossible to tell from the conversation whether the District had even begun its response to the fee petition, or whether it was just assuming it would get an extension.

In this particular instance, the District should not have expected that an extension would be granted without a legitimate justification. After all, it was the District which set in motion the current briefing schedule by filing the Notice of Acceptance over the plaintiff's objection. And

4

when plaintiff held out the possibility of further deferring the fee petition briefing in the February 6, 2006 letter, the District never even responded. That letter from plaintiff made crystal clear that if the District ignored plaintiff's overtures, plaintiff's counsel would "have no choice but to turn immediately to preparing our Fee Petition. And if we do, we will expect the District's response to be promptly filed thereafter." As we show below, the District's assumption that deadlines and the requirement to meet and confer in good faith apply only to other litigants is a further reason the belated request for an extension in this case should be denied.

### 3. The District Routinely Ignores Deadlines and Fails to Meet and Confer in Good Faith.

The District's conduct here is entirely consistent with how the District has approached deadlines and communication with opposing counsel throughout this case and in other litigation as well.

The District's very first filing in this case was a request for an extension of time to prepare an answer. See Defendants' Motion for an Extension of Time (Sep. 28, 2005). The request was filed after the deadline for the answer had passed, and the OAG's only attempt to satisfy Local Rule 7(m) was a phone call "in the late evening of September 28, 2005" (the same night the District filed its request for an extension) when there was no reasonable expectation of reaching anyone. Ms. McQuinn indicated in the Certification required by Local Rule 7(m) that she left a voice mail message stating that the District's motion "would be filed," but no such message was waiting for plaintiff's counsel the next morning. Plaintiff did not oppose the District's request for an extension in that instance, but filed a response noting his "interest in moving this litigation forward expeditiously," and concluding that "it would be very troubling if the District's failure to afford appropriate attention to this case becomes a pattern." See Plaintiff's Response to Defendants' Motion for an Extension (Oct. 5, 2005).

5

Of course, that is just what has happened. In that instance, the Court chided the OAG for not abiding by Local Rule 7(m) by waiting until the last possible moment to even try to meet and confer with plaintiff's counsel. See Order (Oct. 18, 2005). And in another case involving the undersigned counsel, when the District made a belated request for extra time in which to oppose a fee petition, Judge Kollar-Kotelly noted similarly: "***The only conclusion that the Court can reach is that the defense counsel in this case and the Attorney General's Office have little regard for court orders and deadlines***." See *Heard* v. *District of Columbia*, No. 02-296 (CKK) (Order, 10/6/05) (Ex. 2 hereto).

In a large and complicated case, the Court might conclude that it needs a response from the defendant in order to evaluate a fee petition. In this case, however, the fee petition is relatively modest and straightforward. In its renewed motion, the District has not even argued that the Court's denial of its motion for an extension was unwarranted, and it has not attempted to argue that there are grounds that the Court needs to consider for denying any of the plaintiff's requested fee award.

Local Rule 7(b) states clearly that if an opposition "is not filed within the prescribed time, the court may treat the motion as conceded." That is the situation here. Plaintiff's fee petition was timely filed. The District failed to file an opposition or secure an extension before the deadline for doing so. All that is left is for the Court to grant the fee award requested by plaintiff.

## CONCLUSION

For the reasons indicated above, defendants' renewed motion for an extension should be denied, and plaintiff's motion for fees and costs should be granted in full.

Respectfully submitted,

/s/

| | |
|---|---|
| Arthur B. Spitzer (DC Bar #235960) | John Moustakas (DC Bar # 422076) |
| Frederick V. Mulhauser (DC Bar #455377) | David P. Huitema (DC Bar # 475082) |
| American Civil Liberties Union | Goodwin | Procter LLP |
|    of the National Capital Area | 901 New York Avenue, NW |
| 1400 20th St., NW, Suite 119 | Washington, DC 20001 |
| Washington, DC 20036 | (202) 346 – 4000 |
| (202) 457-0800 | (202) 346 – 4444 (fax) |
| (202) 452-1868 (fax) | |

*Counsel for Lafayette Ricks*

Submitted: March 21, 2006

7

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
LAFAYETTE RICKS                     )
                                    )
       Plaintiff,              )
                                    )
   v.                              )
                                    )
MPD OFFICER TOMMY BARNES            )   Civil Action No.: 05-1756 HHK/DAR
                                    )
*and*                               )
                                    )
THE DISTRICT OF COLUMBIA            )
                                    )
       Defendants.             )
_____)

## **ORDER**

      Upon consideration of the Defendants' Renewed Motion for an Extension of Time for Defendants to File a Response to Plaintiff's Motion for an Award of Attorney's Fees, along with plaintiff's Opposition thereto, it is hereby ORDERED that Defendants' Motion is DENIED.

      Because no response to Plaintiff's Motion for Award of Attorneys' Fees and Costs was filed within the time prescribed by the Local Rules, and because leave had not been obtained to file a response at a later date, the Court shall treat plaintiff's motion as conceded pursuant to Loc. R. Civ. P. 7(b). Accordingly, it is further ORDERED that plaintiff's motion is GRANTED. Reasonable attorneys' fees in the sum of $83,216, along with ordinary costs in the amount of $786.50, are taxed as part of the costs of this matter pursuant to 42 U.S.C. § 1988 in favor of the plaintiff and against the defendant the District of Columbia.

      The Clerk shall prepare and enter judgment as set forth in this Order.

2

So ORDERED this ___ day of _____, 2006.


_____
Deborah A. Robinson
United States Magistrate Judge