IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **LAFAYETTE RICKS,**<br>           **Plaintiff,**<br><br>           v.<br><br>**DISTRICT OF COLUMBIA, and**<br>**MPD OFFICER TOMMY BARNES,**<br>                     **Defendants.** | Civil Action No. 05-1756<br>HHK/DAR |

**DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR AN EXTENSION OF TIME TO FILE A RESPONSE TO PLAINTIFF'S MOTION FOR AN AWARD OF ATTORNEY'S FEES AND COSTS**

On March 10, 2006 and pursuant to Fed. R. Civ. P. 6(b), defendants District of Columbia and D.C. Metropolitan Police Officer Tommy Barnes moved for an extension of time – from March 10, 2006 to and including March 29, 2006 – for defendants to file a response to Plaintiff's Motion for an Award of Attorney's Fees and Costs Pursuant to Fed. R. Civ. P. 54(d). The reasons for the motion were that the plaintiff's brief and exhibits were lengthy. The brief consisted of 13 pages, but with the exhibits, the entire document was approximately 115 pages. In addition, the undersigned was out of the office for several days for medical reasons.

**1. The District's Reasons for Needing an Extension Were Valid Reasons**

The two reasons cited by the undersigned counsel for the defendants' requested extension were valid reasons for needing an extension of time to respond to plaintiff's attorney's fee petition. Plaintiff's brief with exhibits was approximately 115 pages. It is indisputable that this is lengthy. The exhibits were important and had to be read as well as the 13 page brief. Given

the importance of the brief and other deadlines, more than the usual 11 days was needed to respond.

In addition, the undersigned was out of the office on sick leave for several periods of time during the time that the response would have been due on March 10, 2006, and, thereafter, for medical reasons as the undersigned was under the care of a doctor. This is the first time the undersigned counsel can remember that a fellow member of the bar has not given consent, and actually opposed a motion for an extension of time, when the reason has been the medical needs of counsel. Given the short extension requested - from March 10, 2006 to and including March 29, 2006, -- and valid reasons for needing the additional time, the motion should be granted.

**2. Defendants Conferred in Good Faith Regarding Plaintiff's Fee Petition and Regarding Defendants' Motion for an Extension of Time**

Pursuant to LCvR 7(m), on January 24, 2006, the undersigned spoke at length with plaintiff's counsel, David Huitema, regarding plaintiff's attorney's fees of $68,376.00. On January 31, 2006, the undersigned again spoke at length regarding plaintiff's attorney's fees by telephone with Mr. Huitema. In that conversation, plaintiff's counsel discussed reducing the fees requested to $61,538.00. He forwarded that in writing on that same day. The amount sought was still unacceptable to defendants, and defendants declined a third conference call with Mr. Huitema.

In a case in which the only substantive documents filed by plaintiff were the Complaint and the Motion for Attorney's Fees, the defendants do not believe that an attorney's fee of $68,376.00 was reasonable without having reviewed the justification for such fees. On January 31, 2006, defendants wrote to plaintiffs and asked that they provide a breakdown of their $68,376.00 fees (**Attachment 1**). Plaintiff did not do this until they filed the petition for attorney's fees with the Court. Plaintiff's unwillingness to reveal the details of what their fees represented

2

was what ended the discussions and attempts to resolve the attorney's fees issue. When plaintiff declined to do this, defendants considered it appropriate to file the Notice of Plaintiff's Acceptance of the Offer of Judgment. Thus, defendants had made a good faith effort to discuss the attorney's fees issue.

Pursuant to LCvR 7(m), on March 9, 2006, the undersigned telephoned and spoke directly with plaintiff's counsel, David Huitema, about the need for more time within which to respond to plaintiff's Motion for Attorney's Fees and Costs. Defendants had not received the billing statements previously, as requested, but had received them for the first time with the plaintiff's motion. The undersigned also informed Mr. Huitema that she needed more time for medical reasons. After a lengthy discussion, Mr. Huitema stated directly and unequivocally that plaintiff did not consent. At that point, it was appropriate for the defendants to file its motion without plaintiff's consent.

**3. Defendants Have Not Ignored Deadlines or Refused to Meet in Good Faith in This Case.**

Plaintiff alleges that the District routinely ignores deadlines and fails to meet and confer in good faith. Plaintiff's argument in this regard is illogical in that it wants the Court to assume that just because it can recite some other alleged instance in which it can point blame upon the District of Columbia, that should somehow taint what is occurring in this case. It is not true that the District routinely ignores deadlines, and fails to meet and confer in good faith. No deadlines have been missed in this case; defendant has timely requested more time when it was necessary to do so, and before any deadlines have passed. It is additionally unfortunate that plaintiff's counsel has chosen to oppose defendants' motion to extend time as defendant believes plaintiff's additional fees for this motion are unnecessary.

Respectfully submitted,

3

ROBERT J. SPAGNOLETTI
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

_____/s/_____
NICOLE L. LYNCH [D.C. Bar #471953]
Chief, General Litigation, Section II
General Litigation, Section II

_____/s/_____
URENTHEA McQUINN [D.C. Bar #182253]
Assistant Attorney General
441 4th Street, N.W.
 Sixth Floor South
Washington, D.C.  20001
(202) 724-6646
(202) 727-0431 (Fax)
urenthea.mcquinn@dc.gov

March 29, 2006