UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| LAFAYETTE RICKS | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| MPD OFFICER TOMMY BARNES THE DISTRICT OF COLUMBIA | ) ) ) | Civil Action No.: 05-1756 HHK/DAR |
| Defendants. | ) ) ) | |

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR ATTORNEY'S FEES**

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOSEPH S. HEARD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:02CV00296 (CKK) |
| | ) |
| DISTRICT OF COLUMBIA | ) |
| GOVERNMENT, ET AL. | ) |
| | ) |
| Defendants. | ) |

## DECLARATION OF MICHELE A. ROBERTS

I, Michele A. Roberts, Esq., declare as follows:

1. I am a partner in the law firm of Akin Gump Strauss Hauer & Feld, LLP, practicing out of the firm's Washington, D.C. office. I make this Declaration based upon my personal knowledge. If sworn as a witness I could testify competently with respect to the facts stated herein.

2. Previously, I was a partner in the law firm of Shea & Gardner, where I worked from December 3, 2001 to April 4, 2004. During my tenure at Shea & Gardner, I was familiar with the above-captioned litigation as I had agreed to serve with my then-partner, John Moustakas, as co-counsel in the event of a trial. Although I joined Mr. Moustakas in a meeting with Mr. Heard, at one court appearance, and at one meeting with opposing counsel, my involvement in the case was otherwise minimal. After joining Akin Gump, I had no further involvement in the case and I did not retain any financial interest in its outcome.

3. I understand from Mr. Moustakas that, in opposing Mr. Heard's Fee Petition, the District has challenged his skill, experience, and reputation as a basis for justifying a lower hourly rate than his usual and customary billing rates at the law firm. In particular, I understand

that his "civil litigation" experience has been questioned. Because I am particularly knowledgeable about Mr. Moustakas' skill, experience, and reputation, I have agreed to make this declaration to share some of that knowledge.

4. I hold Mr. Moustakas in the highest regard as a trial lawyer, strategist, and brief-writer. My opinion is based, among other things, upon: (a) my own investigation of his reputation in advance of a two-week criminal trial before Judge Hogan in *United States* v. *Wallace Najiy*; (b) his pretrial performance in *United States* v. *Wallace Najiy*; (c) his performance during the two-week trial in *United States* v. *Wallace Najiy*; (d) my experience litigating and trying to verdict a complex civil case arising out of Article 9 of the Uniform Commerical Code with Mr. Moustakas, *Nat'l Housing Partnership* v. *Municipal Capital Appreciation Partners I, LP*; (e) my experience litigating and taking to trial with Mr. Moustakas a civil rights action brought against The American University arising out of allegations of national-origin- and gender-discrimination in *Rima Gulshan* v. *The American University, et al.*; (f) my regular dealings with Mr. Moustakas in connection with in-depth discussions about many of our own cases during our overlapping time at Shea & Gardner, including a good deal of his work on: a successful dismissal of an Arms Export Control Act indictment in *United States* v. *Yakou*; obtaining acquittals on all counts in a criminal fraud and false statements prosecution in *United States* v. *Medina*; winning summary judgment in a housing discrimination case, *AIMCO* v. *Martinez*; preindictment litigation of a highly-complex $200-million tax evasion in *United States* v. *Walter Anderson* – not to mention his regular and extremely helpful contributions to many of my cases.

5. <u>Reputation</u>. In advance of my trial against Mr. Moustakas, I had occasion to investigate his *bona fides*. I learned that he had an excellent reputation as a smart, creative,

hardworking, and skilled trial lawyer both among his fellow AUSAs, including his supervisors, and among the defense bar.

6. <u>Experience</u>. To my knowledge, Mr. Moustakas clerked at the federal trial court and federal appellate levels in major urban centers, mastered the skills of a junior lawyer in a highly-sophisticated legal practice, learned to try cases and honed his craft for more than six years at the U.S. Attorney's Office where he received multiple awards for superior performance, and returned to private practice as a true trial lawyer as comfortable in the civil and criminal spheres. As such, I believe that he had precisely the optimal experience to handle Mr. Heard's case.

7. <u>Skill</u>. As noted above, I have witnessed first-hand Mr. Moustakas' skill as a trial lawyer, both as his adversary and as his co-counsel. He is creative and smart, careful, dedicated, honest, ethical, and highly-skilled. I have no doubt that he is among the top of his peer group in with respect to both criminal and civil cases. Perhaps the strongest endorsement of his skill that I can give is that, after having tried a case against him, I have affirmatively sought him out as a trial partner during our time together at Shea & Gardner and would eagerly do so again.

I declare under penalty of perjury that the foregoing is true and correct.

Michele A. Roberts
Executed on: 1-18-06