UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LAFAYETTE RICKS | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )<br>) |
| MPD OFFICER TOMMY BARNES | ) Civil Action No.: 05-1756 HHK/DAR<br>) |
| and | )<br>) |
| THE DISTRICT OF COLUMBIA | )<br>) |
| Defendants. | )<br>) |

**PLAINTIFF'S SUPPLEMENTAL MOTION FOR AWARD OF
ATTORNEYS' FEES AND COSTS PURSUANT TO FED. R. CIV. P. 54(d)
AND POST-JUDGMENT INTEREST UNDER 28 U.S.C. § 1961 AND MEMORANDUM**

Pursuant to Fed. R. Civ. P. 54(d), 42 U.S.C. § 1988, and 28 U.S.C. § 1961, Plaintiff Lafayette Ricks hereby supplements Plaintiff's Motion for Award of Attorneys' Fees and Costs Pursuant to Fed. R. Civ. P. 54(d) [Docket #19] ("Fee Petition") and moves for an additional award of $50,638.78 in attorneys' fees ($49,719.40) and post-judgment interest ($919.38) (hereinafter, "Supplemental Fee Petition").[1]

On February 13, 2006, the Court entered judgment in favor of plaintiff against defendant the District of Columbia ("the District") in the amount of $32,000, plus costs and attorneys' fees which had not yet been determined. The District did not pay the judgment at that time. On February 27, 2006, Mr. Ricks filed his Fee Petition for fees and costs incurred through February 24, 2006. As his judgment had not yet been paid and because additional fee litigation was

---

[1] Modest costs amounting to a couple of hundred dollars have been written off.

anticipated, Mr. Ricks reserved the right to seek recovery of fees and costs incurred after the February 24, 2006 cut-off for fees included in the Fee Petition, including some time preparing the Fee Petition itself.

For several months, Mr. Ricks was unable to ascertain the reason his judgment had not been paid because multiple calls to the District's lawyer went unanswered. Eventually, one source of the delay was discovered: after months of delay, in early May, defense counsel finally sent Mr. Ricks the release whose execution was a condition precedent to the District's release of funds. Unlike the 76 days it took the District to provide it, Mr. Ricks returned the executed release in fewer than 5 days.

More delay ensued and Mr. Ricks's patience grew very thin. Understandably, he called his lawyers almost daily demanding to know the status of his judgment. In reliance on entry of the judgment he had expected to come immediately, Mr. Ricks had incurred a number of expenses in connection with pulling himself out of homelessness and he needed the judgment to repay these obligations. Without these funds, Mr. Ricks faced the prospect of being unable to fix the used car he had purchased. Without an operating car, he faced the prospect of being unable to maintain his job driving a minibus of commuters into the District from the far Virginia suburbs. Without his new job, Mr. Ricks faced the likelihood of losing his apartment and returning to the streets.

As it turned out, the District's repeated delays from February 13th on resulted in its failure to release funds for his judgment prior to depletion of the so-called Judgment Fund.[2] Unfortunately, the District did not even have the decency to report this fact to counsel. Only

---

[2] Although we have no basis for knowing with certainty, we strongly suspect that the Judgment Fund could not have been depleted as early in the year as February 13, 2006 – only a third of the way into the District's fiscal year. Consequently, the District's initial delay is the proximate cause of the harm that Mr. Ricks suffered by depletion of the Judgment Fund.

2

after several unanswered phone calls to the assigned AAG were Mr. Ricks's lawyers able to ascertain through a supervising attorney in the Office of the Attorney General that the Judgment Fund was depleted and that Mr. Ricks was not likely to receive his money judgment until the new fiscal year in October. As a consequence, Mr. Ricks negotiated with an unsavory financing company charging usurious rates (over 50%) to lend against his judgment to keep him financially afloat.

When counsel discovered this sad story, we felt compelled to act. Investigating, and having to overcome, our own law firm's policies about client advances, we also had to probe the ethical and legal hazards of providing the advance that Mr. Ricks so desperately required. We spent 7.5 hours on this work. Prior to learning about the source of the delay, we spent 11.7 hours trying to uncover the reason for the District's delay and working to counteract what appeared to be a breach of the settlement agreement and investigation Mr. Ricks's options in attempting to enforce the judgment in Court. That some of this work might have been avoided had we known earlier that the Judgment Fund was depleted can only be blamed on the District itself for failing – as it has routinely done throughout the short lifespan of this case – to return calls and communicate with counsel and for continuing to engage dilatory conduct marked by the District's shameless request for extension of ***every single deadline in this case***.

Having reserved the right to do so in his Fee Petition, Mr. Ricks now moves for an award of fees incurred litigating the case beyond February 24, 2006, including unbilled work preparing the Fee Petition, responding to a series of defense motions to extend briefing deadlines, investigating the reasons for delay in the payment of his judgment, drafting a Reply Brief made necessary by the District's Opposition, pursuing the judgment that the District failed, without explanation, to pay for some seven months, and preparing the instant motion.

This Supplemental Fee Petition incorporates by reference the Fee Petition, as well as the accompanying memorandum of points and authorities and exhibits. In addition to these incorporated materials and the brief supplemental support included immediately below, undersigned plaintiff's counsel has prepared a supporting declaration (Exhibit A) and exhibit detailing just the fees and costs incurred between February 26, 2006 and this date (Exhibit B).

### A. The District Has Waived Any Argument As To Goodwin Procter's Usual and Customary Hourly Billing Rates.

Although a preliminary and substantially less detailed version of the Supplemental Fee Petition had been drafted several months earlier, it was not filed at that time because the District had yet to pay the judgment. Consequently, it was unknown what additional fees and expenses would be incurred in seeking to enforce Mr. Ricks's judgment. Judgment was finally paid on or about September 12, 2006. In the intervening time period (between the Fee Petition and this Supplemental Fee Petition), this Court decided another dispute raised by the District against the Petition seeking recovery of Goodwin Procter's fees and costs in another case: *Joseph S. Heard v. District of Columbia, et al.*, Civ. No. 02-296 (CKK/AK). As the Court will recall, despite having been giving significant additional time to file a meaningful Opposition to the Fee Petition in this case, the District, instead, largely cut-and-pasted from its brief in the *Heard* case – curiously including arguments that did not apply in this case.

In *Heard*, as in this case, the District insisted that Goodwin Procter was not entitled to its usual and customary hourly rates because, although it proved that it commands such rates in connection with ***complex federal litigation***, it did not prove that it commands such rates in ***federal civil rights litigation***. That the D.C. Circuit had already ruled against the District on that very issue did not dissuade its lawyers from pressing this argument in bad faith and willfully

without citation to the leading Circuit authority.[3] In *Heard*, Magistrate Judge Kay reiterated the Circuit's position that there is no meaningful distinction between complex federal litigation and federal civil rights litigation for purposes of awarding attorneys' fees and rejected the District's arguments for cutting Goodwin Procter's fees and subjecting them to the so-called *Laffey* matrix. The District affirmatively waived any objection to those rulings in declining to appeal them to Judge Kotelly. See, *e.g.*, *Thomas v. Arn*, 474 U.S. 140, 160-1515 (1985); *Aikens v. Shalala*, 956 F. Supp. 14, 20 n.7 (D.D.C. 1997). Thus, not only is the District barred by Circuit precedent from seeking to cut Goodwin Procter's hourly billing rates, but it also barred by its own waiver in *Heard*. Relying on precisely the same evidence presented in this case, the Court in *Heard* determined that Goodwin Procter's hourly rates are reasonable for its work on civil rights cases and the District did not contest that ruling.[4]

### B. Mr. Heard is Entitled to Post-Judgment Interest

It is undisputed that on or about September 12, 2006, seven months after it was due, the District finally paid Mr. Heard's judgment. It is undisputed that the amount the District tendered on that date was $32,000. The District did not pay post-judgment interest as required. It is undisputed that under 28 U.S.C. § 1961(a), "[i]nterest shall be allowed on any money judgment in a civil case recovered in a district court." The rate of such interest is 4.97%. See http://www.uscourts.gov/postjud/postjud.html. By Mr. Ricks's count, 211 days passed between

---

[3] We cannot characterize the District's failure to cite *Covington v. District of Columbia*, 57 F.3d 1101 (D.C. Cir. 1995) for this proposition any more charitably since it is beyond dispute that the District did not overlook this case. First, the District was a party in the case and is presumed to know the rulings returned against it. Worse still, the District repeatedly cited *Covington* throughout its brief for other propositions. It is thus absolutely clear that it was aware of the case and chose to obscure the fatal ruling against it.

[4] In the *Heard* case, Judge Kotelly also ruled that spending 32.5 hours on a 19-page brief is not excessive. See *Memorandum Opinion* (awarding $889,267.30 of $962,097.00 in attorneys' fees) in *Joseph S. Heard v. District of Columbia, et al.*, Civ. No. 02-296 (CKK/AK)(September 5, 2006)[Docket # 190]. By this sensible standard, the briefs in this case – including those supporting the petitions – are reasonable and should not be reduced beyond the write offs taken by counsel in an exercise of billing discretion.

the entry of judgment in this case, on February 13, 2006, and the payment of the judgment on September 12, 2006. Thus, the District owes an additional $919.38 in post-judgment interest ($32,000 x .0497 / (211/365)) which it must be ordered to pay. The District also owes interest on the outstanding interest until it is satisfied in full and the District should be ordered to pay that in addition.

Plaintiff has previously conferred with the District regarding the fee award in this case, but the parties were not able to reach an agreement.

Respectfully submitted,

*/s/ John Moustakas*

John Moustakas (DC Bar # 422076)
Miriam Cho (DC Bar # 495136)
Goodwin | Procter LLP
901 New York Avenue, NW
Washington, DC 20001
(202) 346-4000
(202) 346-4444 (fax)

Arthur B. Spitzer (DC Bar #235960)
Frederick V. Mulhauser, (DC Bar # 455377)
American Civil Liberties Union
  of the National Capital Area
1400 20th St., NW, Suite 119
Washington, DC 20036
(202) 457-0800
(202) 452-1868 (fax)

Attorneys for Lafayette Ricks

October 13, 2006

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LAFAYETTE RICKS )<br>  Plaintiff, )<br> )<br>v. )<br> )<br>MPD OFFICER TOMMY BARNES )<br>  *and* )<br>THE DISTRICT OF COLUMBIA )<br> )<br>  Defendants. )<br>_____ ) | Civil Action No.: 05-1756 HHK/DAR |

## ORDER

Upon consideration of the Plaintiff's Supplemental Motion for Attorneys' Fees and Costs and Memorandum of Law ("Supplemental Fee Petition"), along with all related papers, it is hereby ORDERED:

1. That Plaintiff's Supplemental Fee Petition is GRANTED;

2. Reasonable attorneys' fees in the sum of $49,719.40 are taxed as part of the costs of this matter pursuant to 42 U.S.C. § 1988 in favor of the plaintiff and against the defendant the District of Columbia.

3. Defendant is also ordered to pay $919.38 in post-judgment interest and, because it continues to owe post-judgment interest on the outstanding amount of interest owed, it is ordered to pay 4.97% interest on that amount through the date payment is made.

4. The Clerk shall prepare and enter judgment as set forth in this Order that Defendant pay $50,638.78 on Plaintiff's Supplemental Fee Petition (plus the appropriate interest-on-interest), in addition to the amount ordered to be paid on the initial Fee Petition.

So ORDERED this ___ day of _____, 2006.

_____
Deborah A. Robinson
United States Magistrate Judge