IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LAFAYETTE RICKS<br><br>    Plaintiff,<br><br>v.<br><br>MPD OFFICER TOMMY BARNES<br><br>*and*<br><br>THE DISTRICT OF COLUMBIA<br><br>    Defendants. | Civil Action No.: 05-1756 HHK |

## DECLARATION OF JOHN MOUSTAKAS

I, John Moustakas, hereby declare as follows:

### Background of Declarant

1. I am a partner at the law firm Goodwin Procter LLP, and the lead counsel at Goodwin Procter for the plaintiff in this case. In addition to my own work on this case, I have supervised the work of David P. Huitema, a senior associate who bore much of the day-to-day responsibility for this case, before he left the firm for a position in government. Miriam Cho, another associate at Goodwin Procter, has taken Mr. Huitema's place working on Mr. Ricks's case.

### Hours for Which Compensation Is Sought and Timekeeping Practices

2. Goodwin Procter is seeking compensation for a total of 135 hours of time expended on this case since February 24, 2006. Plaintiff is seeking compensation at Goodwin Procter's standard hourly rates. The total fee request for Goodwin Procter attorneys and staff is $ 49,719.40 ($950.40 of this is attributable to time expended by Arthur Spitzer at the ACLU).

3. Goodwin Procter timekeepers contemporaneously recorded their time at work and the nature of their activities on this case. Detailed, contemporaneous billing documentation reflecting the time spent by each attorney, law clerk, and paralegal for each task for which we are now seeking fees are presented in Exhibit B to Plaintiff's Supplemental Motion for an Award of Fees and Costs ("Supplemental Fee Petition"). Because of the delays associated with the District's payment of the money judgment entered in this case, among other reasons, additional billings were incurred. Consequently, Exhibit B consists

of two separate billing records. The first record includes time spent between February 26 through April 27, 2006 and reports 103.7 hours charged to the District (valued at $37,474.00) and 19.5 hours cut from the Supplemental Fee Petition (valued at $5,353.00). The second record includes time spent between April 28 through October 13, 2006 and reports 31.3 hours charged to the District (valued at $12,245.40) and 16.9 hours cut from the Supplemental Fee Petition ($5,929.10).

4. The number of hours for which plaintiff seeks compensation is lower than the true number of hours spent on this case by Goodwin Procter attorneys and staff. Attorneys and staff exercise individual billing discretion in recording fewer than the actual hours expended when they conclude that their work should have been completed in less time. In addition to such "invisible" discounts, I have exercised billing discretion to "write off" some of the time that was recorded by Goodwin Procter attorneys and staff. The value of the time that has been "written off," at our firm's standard billing rates, is $11,282.10. In short, the Supplemental Fee Petition has been cut by approximately 23% in the exercise of my billing discretion.

### Overview of Legal Services Provided by Plaintiff's Legal Team

5. Plaintiff is seeking compensation for just over **20 hours** spent finalizing Plaintiff's Motion for Award of Attorneys' Fees and Costs Pursuant to Fed. R. Civ. P. 54(d) ("Fee Petition")[Docket #19] in the days before it was filed. Because of the vagaries of law firm billing cycles, this time had not yet been reported when the Fee Petition was filed.

6. Plaintiff is seeking compensation for **11.7 hours** attempting to ascertain reasons for the failure of the District to pay his money judgment, complying with the District's requirements to have funds released, and investigating whether there was any way to compel payment of the judgment. In fact, the District did not pay that judgment until September 12, 2006 – 7 months after judgment was entered. Much of this delay was a mystery to Mr. Ricks and his counsel because the assigned Assistant Attorney General failed to respond to numerous requests as to the source of the delay. As it turns out, some of the delay was attributable to the District's failure to timely ask Mr. Ricks for a release. (It took the District 11 weeks to send a release for Mr. Ricks's signature which he executed and sent back in five days.) The remainder of the delay was attributed to the depletion of the so-called "Judgment Fund" – a plain consequence of the District's initial foot-dragging. An additional **3.6 hours** were spent in pursuing post-judgment interest, dealing with the consequences of Mr. Ricks assignment of rights to Goodwin occasioned by the advancement of fees, and seeking to ascertain whether the District had resumed paying its judgments.

7. As result of these delays, Mr. Ricks – an individual who had lifted himself out of homelessness, obtained a job driving a commuter bus and an apartment to live in – almost lost everything. Consequently, Goodwin Procter advanced Mr. Ricks the amount of the judgment so he could repair his car and maintain his job – both of which were critical to maintaining his apartment. But Goodwin Procter could not do this without researching legal ethics opinions in the District of Columbia and consulting with the Bar's Ethics

Committee before doing so. We spent **7.5 hours** on this critical work proximately caused by the District's breach of the settlement agreement.

8. Plaintiff is seeking compensation for just under **25 hours** spent responding to the District's request for an extension of time in which to oppose the original fee petition. This includes time spent discussing the requested extension with the Attorney General's office, deciding on a strategy, and drafting an opposition. The strategy and plaintiff's response had to be revisited twice. First, this Court (correctly) denied defendants' request for an extension before plaintiff was able to get an opposition on file. Second, defendants inexplicably delayed longer than expected before filing a motion to reconsider that ruling, necessitating an additional response.

9. Plaintiff is seeking compensation for approximately **33 hours** (including the ACLU's time) drafting a 15-page Reply to the District's Opposition to the original fee petition. Plaintiff's counsel sought to negotiate a fee settlement with the District before drafting the reply, but the District responded with an offer that would have only compensated Goodwin for 50 hours of work on this case.[1]

10. Finally, plaintiff is seeking compensation for **12 hours** (3.5 by Mr. Huitema and 8.5 by Mr. Moustakas) drafting and editing the Supplemental Fee Petition, declaration, and time reports.

11. These rough breakdowns are meant to provide a big picture of the fee incurred since February 27, 2006 and included in the Supplemental Fee Petition. Though it is not intended to categorize every entry, it does capture more than 80% of the time billed in the Supplemental Fee Petition. The billing records furnish all the detail.

I hereby declare, under penalty of perjury, that the foregoing is true and accurate.

Executed on October 13, 2006.

_/s/ John Moustakas_
John Moustakas
Goodwin Procter LLP
901 New York Ave., N.W.
Washington, D.C. 20001
Tel.: (202) 346-4000

---

[1] This figure was calculated based on blending Mr. Huitema's and Mr. Moustakas's hourly rates in the relative proportions of their work (*i.e.*, a 2:1 ratio). Thus, Mr. Huitema's $365 rate was added twice to Mr. Moustakas's $475 rate (to reflect that he worked double the hours of Mr. Moustakas) and divided by three (or, 365 + 365 + 475 / 3= $401.67; 401.67 x 50 = $20,083.50).