**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **LAFAYETTE RICKS,**<br>           **Plaintiff,**<br><br>                   v.<br><br>**DISTRICT OF COLUMBIA, and<br>MPD OFFICER TOMMY BARNES,**<br>                              **Defendants.** | **Civil Action No. 05-1756<br>HHK/DAR** |

## DEFENDANT'S OPPOSITION TO PLAINTIFF'S SUPPLEMENTAL MOTION FOR AN AWARD OF ATTORNEY'S FEES AND COSTS

Pursuant to Fed. R. Civ. P. 6(b), defendant District of Columbia hereby files this Opposition to Plaintiff's Supplemental Motion for an Award of Attorney's Fees and Costs Pursuant to Fed. R. Civ. P. 54(d) and 42 U.S.C. §1988. A proposed Order accompanies this Opposition as **Attachment 1**.

*Background*

This case arises out of an incident that allegedly occurred on September 4, 2004, (Complaint, ¶8), while plaintiff was in a District of Columbia park, and told to leave by the District of Columbia Metropolitan Police. (Complaint, ¶13.) According to plaintiff's allegations, after his refusal to leave the park, when instructed by Metropolitan Police Officer Tommy Barnes, Officer Barnes placed him under arrest. (Complaint, ¶21.) Plaintiff admits that Officer Barnes told him that he could pay $25.00 to "post and forfeit collateral," which plaintiff did. As such, plaintiff was not held in jail. (Complaint, ¶¶29 & 30.) Plaintiff's complaint alleged false arrest, assault and battery and violation of 42 U.S.C. §1983.

After plaintiff accepted an Offer of Judgment by defendant, plaintiff filed a Motion for an Award of Attorney's Fees and Costs Pursuant to Fed. R. Civ. P. 54(d) and 42 U.S.C. § 1988. Defendant opposed that motion because plaintiff's counsel did not substantiate that they were entitled to the hourly rates sought, and plaintiff's counsel did not justify the large number of hours expended on this case, in which they did little more than file the Complaint on September 2, 2005, a Notice that the Offer of Judgment had been accepted on December 15, 2005, the Motion for Attorney's Fees on February 27, 2006, and engage in a limited number of telephone calls and correspondence. As such, plaintiff's attorney's fees of $84,002.50 were, and still are, considered unreasonable. Defendant, therefore, requested that plaintiff's motion be denied in part. Defendant makes that same request in this Opposition – that plaintiff's Motion for Supplemental Attorney's Fees and costs be denied in part.

### *Legal Framework*

The Civil Rights Attorney's Fees Awards Act of 1976, 42 U.S.C. §1988 provides as follows:

> In any action or proceeding to enforce a provision of section 1981, 1982, 1983, 1985, and 1986 of this title ... the court in its discretion may allow the prevailing party.... a reasonable attorney's fee as part of the costs.

Thus, the plaintiff first must be a "prevailing party" to recover an attorney's fee under § *1988*. *Hensley v. Eckerhart,* 461 U.S. 424 (1983). To qualify as a prevailing party, a civil rights plaintiff must obtain an enforceable judgment against the defendant from whom fees are sought. *Farrar v. Hubby,* 506 U.S. 163, 111 (1992). Once a party is deemed to have prevailed, the court's task is to calculate a reasonable award. In calculating such an award, the "lodestar," or the number of hours reasonably expended is determined, then multiplied by a reasonable hourly rate. *See Blum v. Stenson,* 465 U.S. 886, 888 (1984); *Copeland v. Marshall,* 641 F.2d 880, 891 (D.C.

Cir. 1980); *Clark v. Marsh,* 609 F. Supp. 1028, 1031 (D.D.C. 1985). A reasonable fee is one that is "adequate to attract competent counsel, but which does not produce windfalls to attorneys." See *Blum, supra.,* at 893-94, (quoting S. Rep. No. 1011, p.6 (1976)); *see also Farrar v. Hobby, supra.*, at 113-15.

While the court is expressly empowered to exercise its discretion in determining the amount of the fee award, the plaintiff still bears the burden of establishing all requisite elements of the claimed fee award, including entitlement to an award, the documentation of appropriate hours and justification of the reasonableness of their rates. *See 42* U.S.C. § 1988(b), *Blum, supra.*, at 896 n. 11; *Hensley, supra.,* at 437. *In Hensley,* the Supreme Court made it clear that the party seeking to collect attorney's fees bears the burden of proof as to the reasonableness of the claimed amount stating: "The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed. Where the documentation of hours is inadequate, the district court may reduce the award accordingly." *Hensley*, *supra.*, at 433. Thus, the fee movant bears the burden of establishing the hours claimed and submitting adequate evidence to support this claim. *Id.; see also Covington v. District of Columbia,* 57 F.3d 1101, 1107 (D.C. Cir. 1995). Accordingly, the burden of production, as well as the burden of persuasion, related to the reasonableness of the amount of hours billed always rests upon the claimant. See *American Petroleum Institute v. EPA,* 72 F.3d 907, 915 (D.C. Cir. 1996); *Covington, supra.,* at 1109.

Additionally, as articulated by the Court in *Hensley,* counsel for a prevailing party must demonstrate that they have exercised "billing judgment:"

> The district court also should exclude from this initial fee calculation hours that were not "reasonably expended." *** Cases may be overstaffed, and the skill and experience of lawyers vary widely. Counsel for the prevailing party should make a good faith effort to exclude from a request hours that are excessive, redundant or otherwise unnecessary, just as a lawyer in

3

> private practice ethically is obligated to exclude such hours from his fee submission. "In the private sector, "billing judgment' is an important component in fee setting. It is no less important here. Hours that are not properly billed to one's client also are not properly billed to one's adversary pursuant to statutory authority."

*Hensley*, *supra.*, at 434, quoting *Copeland v. Marshall, supra.*, at 891, (*en banc*). Attorneys who have exercised billing judgment must specifically identify any hours that were excluded from a fee petition and indicate the tasks to which those hours were devoted. *Cook v. Block,* 608 F. Supp. 1036, 1041 (D.D.C. 1985).

*Argument*

I. **IN THE SUPPLEMENTAL FEE PETITION, PLAINTIFF'S COUNSEL INFLATE THEIR HOURLY RATES, EXAGGERATE THE AMOUNT OF TIME FOR VARIOUS LEGAL TASKS AND INCLUDE THEIR DISCRETIONARY NON-LEGAL ACTIONS AS PART OF THIS CASE.**

**A. The Hourly Rates Sought by Plaintiff's Counsel, Who Are Lawyers Unaccustomed to This Area of the Law, Are Inflated.**

Plaintiff's counsel's hourly rate remains inflated for attorneys not accustomed to this line of work. Plaintiff's counsel have failed to justify hourly rates of $475.00 for Mr. Moustakas and $365.00 per hour for Mr. Huitema.[1] This area of law is outside of plaintiff's counsel's usual field of practice and, therefore, does not justify their high hourly rate.

Plaintiff's counsel, Mr. Moustakas and Mr. Huitema, should be held to the rates set forth in the United States Attorney's Office's *Laffey* Matrix (previously attached to defendant's Opposition). [2] The *Laffey* hourly rate for attorneys with 1-3 years' experience in an area of law for the years 2005 through 2006 is $195.00 per hour.

---

[1] The hourly rates of the attorney's were increased during the less than one year pendency of this case.
[2] The reasonable rate is determined by reference to the marketplace. *Missouri v. Jenkins*, *id.*, at 285 (1989). Hirsh, Alan & Sheehey, Diane, Awarding Attorneys' Fees and Managing Fee Litigation, pg. 25 (Federal Judicial Center, 2nd Ed. 2005). Reasonable fees are "calculated according to the prevailing market rates in the relevant community" and the applicant must "produce satisfactory evidence -- in addition to the attorney's own affidavit -- that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably

4

Plaintiff presented an updated *Laffey* matrix in Exhibit E, Attachments 1 and 2 of their fee petition. Although an attorney's customary billing rate is the usual starting point for calculating fees, it is not conclusive. *Kelley v. Metro County Brd of Educ.*, 773 F. 2d 677, 683 (6th Cir. 1985), (*en banc*), *cert. denied*, 474 U.S. 1083 (1986). Some courts base an award on an hourly rate even lower than the attorney's usual rate where the attorney is litigating outside of his usual field of practice, as here. *In re Meese*, *supra.*, at 1192). The *Laffey* hourly rate of $195.00 per hour is appropriate in this case.

Plaintiff's counsel also fail to cite any case law for the proposition that the District of Columbia has waived its right to challenge the hourly rate because it did not appeal the hourly rate issue in the Heard case. Further, plaintiff cites no case law for the proposition that Judge Colleen Kollar-Kotelly's decision in the *Joseph Heard* case,[3] which upheld, in part, the hourly rate of this same plaintiff's counsel in that case is binding on this case. That decision is not binding on this case. Just because a particular hourly rate may have been valid in the Heard case, does not mean that it is valid for this case with a totally different set of facts. The two cases are not comparable. The *Heard* case was a complex federal constitutional case, whereas this case is a simple false arrest case. The hourly rates, which plaintiff's counsel seek in this case, are outrageous given this simple set of facts, and the fact that plaintiff's counsel filed only three documents in the case – the Complaint, a Notice of Acceptance of the Offer of Judgment and the Motion for Attorney's Fees.

---

comparable skill, experience, and reputation." *In re Donovan,* 877 F.2d 990, at 992, & n.19 (quoting *Blum v. Stenson*, *supra.*, at 895, 896 n.11; see also *In re Olson,* 884 F. 2d 1422, at 1423. *In re Meese*, 907 F.2d 1192 (D.C. Cir. 1990).

**B.     The District of Columbia Will Pay Interest.**

The District of Columbia will pay interest from the date that the judgment was entered, February 13, 2006, until the date that the judgment was paid, September 12, 2006.

**C.     The Amount of Time Alleged and the Fees Requested for Various Tasks Are Excessive.**

This Supplemental Fee Petition also contains an exaggerated amount of time to perform various legal tasks and exorbitant fees for each:

- Plaintiff's counsel claim to have spent 20.5 hours in one day, February 27, 2006, preparing the Motion for Attorney's Fees. They claim a total amount of fees of $7,801.50. Only 13 pages of that brief is the memorandum. Defendant asks that the alleged time spent on that brief be reduced by one half for a total amount of $3,900.75.

- On February 28, 2006, plaintiff's counsel spent 3.4 hours in meetings, research and telephone conferences for a total fee of $1,483.00 engaging in meetings on how to enforce the judgment that had just been rendered on February 13, 2006. This was premature because the judgment was issued only 15 days previously. It was unnecessary at this point to prepare for having to enforce the judgment because defendant had made the Offer of Judgment. Defendant had indicated their willingness to pay by their very offer of judgment. There was no indication 15 days after the judgment that plaintiff would have to move to enforce the judgment. This amount should be disallowed.

- Plaintiff's alleged time spent and discussions held regarding defendant's Motion for an Extension of Time were blatantly excessive. It stretched from March 13, 2006 to March 24, 2006 for a total of 14.8 hours and a total amount of fees requested of $5,819.50. These

---

[3] *Joseph S. Heard v. The District of Columbia, et al.*, Civil Action No. 02-296 (CKK/KK).

attorneys should be granted no more than one hour's fees each at the Laffey matrix hourly rate of $195.00 each with regard to a Motion for Extension of Time.

- Plaintiff's counsel spent 8.8 hours on an Opposition to Defendant's Motion for Extension of Time for a fee of $3,212.00. Their memorandum is only 6 pages long. Again, this is another gross exaggeration of the time required for such a simple document. The time and the fees should be reduced by two thirds for a total of $1,070.66.

- Plaintiff's Reply to the District of Columbia's Opposition to the fee petition is yet another example of plaintiff's counsel's request for excessive time and fees regarding a Reply in which plaintiff's counsel make many unsupported conclusory allegations in only 15 pages. Yet they claim a preposterous amount of $11,641.50. Plaintiff's counsel spent a total of 30.9 hours starting on April 2, 2006 to April 6, 2006. This is an excessive amount of time for only 15 pages. Plaintiff should be awarded no more that one fourth of that amount or $2,910.37.

- None of plaintiff's counsel's fee requests for 7/5/06, 7/7/06 and 7/10/06 should be allowed. They seek a total number of 10.4 hours and a total amount of $3,744.00. In this situation plaintiff's counsel is counseling him on his personal economic situation and the choices he has made in his personal life -- none of which has any bearing on the District of Columbia. Plaintiff's and his attorney's decision to enter into an assignment of rights was voluntary, and the District of Columbia should not have to pay for this private financial arrangement between plaintiff and his lawyers. There is no legal obligation on the part of the District, here, and such amounts should be disallowed in their entirety.

Where plaintiff's counsel decided to provide certain personal items, including loans, to plaintiff between February 26, 2006 and September 12, 2006, they should not be allowed to charge off such decisions to the District of Columbia government. Plaintiff's counsel claims to have saved

7

plaintiff from losing his apartment. Whatever plaintiff's living arrangements and expenses, if his counsel chose to pay them, the law does not oblige the District of Columbia to do so or to reimburse his counsel. All such items should be denied herein.

### C. There Was No Unusual Delay in Paying Plaintiff; The District Was Obligated to Pay Others Ahead of Him and Did So.

Plaintiffs argue imaginary delays. There were no delays in paying plaintiff from February 13, 2006 to September 12, 2006. There was no due date to pay plaintiff because a time period had not been included in the Offer of Judgment. That simply was the amount of time it took to pay him. Other payments were ahead of plaintiff and were taken care of before his. As those individuals and entities ahead of plaintiff were paid, the funds were being depleted. Plaintiff had to wait his turn like other litigants, and he was paid, as expeditiously as possible, in this case. Plaintiff makes much of the statement that he might not have been paid until the new fiscal year of October 1, 2006; yet, he was paid on September 12, 2006.

### II. PLAINTIFF'S COUNSEL'S WORK IN THIS CASE HAS NO RESEMBLANCE WHATASOEVER TO COMPLEX FEDERAL LITIGATION AND DOES NOT JUSTIFY FEES OF $133,721.90.

Plaintiff's counsel wants this "federal civil rights litigation" equated with "complex federal litigation." While this was indeed federal litigation, there was no comparison between this case and complex federal litigation. Plaintiff's counsel filed a Complaint for this type of case, wrote correspondence and made several telephone calls. Plaintiffs filed the Complaint on September 2, 2005, a Notice that the Offer of Judgment had been accepted on December 15, 2005, the Motion for Attorney's Fees on February 27, 2006, and engaged in several telephone calls and correspondence. None of this, singularly or combined, reached the level of "complex federal litigation" and in no way justifies plaintiff's attorney's fees of $84,002.50 and the supplemental

request of $49,719.40 for a total of $133,721.90. This requested attorney's fees of $133,721.90 is exorbitant given this straightforward false arrest case that settled at the Answer stage.

## IV.   CONCLUSION

For all of the foregoing reasons, plaintiff's Supplemental Motion for an Award of Attorney's Fees and Costs should be reduced in part, and denied in part, as requested by defendant.

                          Respectfully submitted,

                          ROBERT J. SPAGNOLETTI
                          Attorney General for the District of Columbia

                          GEORGE C. VALENTINE
                          Deputy Attorney General
                          Civil Litigation Division

                          _____/s/_____
                          NICOLE L. LYNCH [D.C. Bar #471953]
                          Chief, General Litigation, Section II
                          General Litigation, Section II

                          _____/s/_____
                          URENTHEA McQUINN [D.C. Bar #182253]
                          Assistant Attorney General
                          441 4th Street, N.W.
                          Sixth Floor South
                          Washington, D.C.  20001
                          (202) 724-6646
                          (202) 727-0431 (FAX)
                          urenthea.mcquinn@dc.gov

October 31, 2006