## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

LAFAYETTE RICKS,

    Plaintiff,

    v.

MPD OFFICER TOMMY BARNES, et al.,

    Defendants.

Civil Action No. 05-1756
HHK/DAR

## REPORT AND RECOMMENDATION

Pending for consideration by the undersigned United States Magistrate Judge is Plaintiff's

Motion for Award of Attorneys' Fees and Costs Pursuant to Fed. R. Civ. P. 54(d) (Document No.

19) and Plaintiff's Supplemental Motion for Award of Attorneys' Fees and Costs Pursuant to

Fed. R. Civ. P. 54(d) and Post-Judgment Interest Under 28 U.S.C. § 1961 (Document No. 29).

Plaintiff claims that he is entitled to an award of attorneys' fees, costs and post-judgment interest

pursuant to Fed. R. Civ. P. 54(d), 42 U.S.C. § 1988 and 28 U.S.C. § 1961, as he "substantially

prevailed" in the underlying litigation.  Upon consideration of the parties' submissions and the

entire record herein, the undersigned will recommend that the Plaintiff's motions be granted.

## BACKGROUND

On September 4, 2004, Defendant Barnes[1] arrested Plaintiff after he refused to leave a

District of Columbia park after being told to leave.   Complaint ¶¶ 13-15, 21.  Plaintiff alleges

---

[1]Tommy Barnes is a police officer with the Metropolitan Police Department.

Ricks v. Barnes, et al.                                                                                 2

that he was peaceful during his arrest, but that Defendant Barnes pushed him to the ground

unnecessarily and that his wrist was cut.  Id. ¶¶ 22-23.  Instead of releasing the Plaintiff or

making a "citation release" available, Defendant Barnes offered Plaintiff a $25.00 "post and

forfeit" option.  Id. ¶¶ 29, 37.  The Plaintiff had the choice of paying $25.00 or spending a three-

day weekend in jail.  Id.  Plaintiff argues that Defendant Barnes gave him that option because he

knew Plaintiff was homeless, most likely did not have the money and would have to be jailed;

however, Plaintiff did pay the money and was released.  Id. ¶¶ 28, 29.

       Plaintiff filed his complaint on September 2, 2005, and made claims of assault and

battery, false arrest, intentional infliction of emotional distress and violation of his Fourth

Amendment rights.  Id. ¶¶ 54-67.  Plaintiff, in his complaint, also claimed that Defendants

violated his Fifth and Eighth Amendment rights because the use of "post and forfeit" imposed

punishment before a trial and it was an excessive bail and fine (made actionable by 42 U.S.C. §

1983).  Id. ¶¶ 68-97.

       Defendants served an offer of judgment of $32,000.00, plus attorney's fees and costs

available under 42 U.S.C. § 1988, which Plaintiff accepted.  See Document Nos. 17, 18.  The

Plaintiff filed his motion for attorneys' fees and costs on February 27, 2006.  See Document

Number 19.  Plaintiff filed his supplemental motion for attorneys' fees and costs on October 31,

2006, to recover the fees and expenses that he incurred since February 27, 2006, in defending and

trying to secure the Plaintiff's award and reimbursement for costs and expenses.  See Document

No. 29.


**CONTENTIONS OF THE PARTIES**

Ricks v. Barnes, et al.                                                                                    3

Plaintiff's counsel seek an award of attorneys' fees pursuant to Federal Rule of Civil Procedure 54(d) and 42 U.S.C. § 1988.  In support of his motion, Plaintiff's counsel advance three arguments.  First, Plaintiff's counsel contend that the hourly rates they have requested are reasonable.  Plaintiff's Memorandum in Support of Motion for Award of Attorneys' Fees and Costs Pursuant to Fed. R. Civ. P. 54(d) ("Plaintiff's Mem.") at 5-7.  Second, Plaintiff's counsel argue that the hours they have spent litigating this matter are reasonable.  Id. at 8-11.  Third, Plaintiff's counsel submit that the compensation they seek for the expenses of $786.50 incurred by the law firm are reasonable, as are the attorneys' fees of $83,216.00.  Id. at 12.

Defendants, in their opposition, do not dispute Plaintiff's entitlement to attorneys' fees, but contend that the hourly rate and number of hours listed by Plaintiff's counsel are not reasonable, particularly the hourly rates of $475.00 and $365.00 for Mr. Moustakas and Mr. Huitema, respectively.  Defendants' Opposition to Plaintiff's Motion for an Award of Attorney's Fees and Costs ("Defendants' Opp.") at 6-7.  Defendants also contend that the award amount requested by the Plaintiff should be reduced because the documentation of the work performed is inadequate.  Id. at 11.  Defendants also submit that the award requested should be reduced because Plaintiff's counsel excessively billed for ministerial or administrative tasks.  Id. at 19.

In his reply, Plaintiff contends that Defendants failed to "identify a single example" of inadequate documentation of work that was performed.  Plaintiff's Reply in Support of Motion for Award of Attorneys' Fees and Costs Pursuant to Fed. R. Civ. P. 54(d) ("Plaintiff's Reply") at 3.  Counsel for Plaintiff contend that the Defendants' arguments about Plaintiff's counsel inadequate documentation do not apply to this case, and some are boilerplate language taken

Ricks v. Barnes, et al.                                                                 4

from an opposition filed by Defendants against Plaintiff's counsel in another case.[2] Id. at 4.

Plaintiff submits that Defendants, in their opposition, failed to provide sufficient reasons or

evidence which would warrant a reduction of the requested award. Id. at 5.

     Plaintiff filed his supplemental motion seeking compensation for attorneys' fees, costs

and post-judgment interest Plaintiff's counsel had incurred since the filing of the first motion for

fees and costs. Plaintiff's Supplemental Motion for Award of Attorneys' Fees and Costs

Pursuant to Fed. R. Civ. P. 54(d) and Post Judgment Interest Under 28 U.S.C. § 1961 and

Memorandum ("Supplemental Motion") at 1. Plaintiff contends he is entitled to post-judgment

interest that accrued on the award from February 13, 2006, when the judgment was entered by the

court, until September 12, 2006, when the award was paid by the Defendants. Id. at 1, 5.

Plaintiff's counsel submit that they also are entitled to attorneys' fees for the work they did in

helping the Plaintiff find a solution to his money problem as he waited for the award to be paid,

and for the time they spent investigating the cause of the delay in paying the award to Plaintiff.

Id. at 3. Plaintiff also seeks attorneys' fees he incurred since filing the initial motion for fees for

matters such as responding to defense motions to extend briefing deadlines, preparing a reply to

Defendant's Opposition and preparing the supplemental motion. Id. Plaintiff's counsel contend

that Defendant District of Columbia has waived its argument as to the billing rates of Goodwin

Procter, Plaintiff's counsel's law firm. Id. at 4. In Heard, Plaintiff's counsel represented a party

against Defendant District of Columbia in a civil rights action and prevailed. Id. The Defendant

---

[2] Plaintiff's counsel contend that the Defendants used fourteen paragraphs in their opposition that they used in an opposition in an unrelated case, Heard v. District of Columbia, 2006 U.S. Dist. Lexis 62912 (D.D.C. 2006). Plaintiff argues that unlike in the Heard case, Defendants did not provide specific examples of inadequate documentation.

Ricks v. Barnes, et al.                                                                          5

District of Columbia argued in <u>Heard</u> that Plaintiff's counsel was not entitled to their customary

fees because they proved their rates for complex federal litigation, but did not prove that they

should receive such rates for federal civil rights litigation.  <u>Id.</u>  Plaintiff does not believe

Defendants can argue that point in this case since "Magistrate Judge Kay reiterated the Circuit's

position that there is no meaningful distinction between complex federal litigation and federal

civil rights litigation" for determining reasonable attorneys' fees.  <u>Id.</u> at 5.  Plaintiff submits since

the Defendants are using the same arguments as they did in <u>Heard</u>, there is a precedent that their

hourly rates are reasonable.  <u>Id.</u>

        Defendants, in their opposition, contend that the hourly rates that Plaintiff's counsel

request are inflated in that they do not normally practice in this area of law, and therefore the

<u>Laffey</u> matrix should be applied.  Defendant's Opposition to Plaintiff's Supplemental Motion for

an Award of Attorney's Fees and Costs ("Supplemental Opp.") at 4.  Defendants also contend

that Plaintiff has not cited any authority that would cause any rulings made by the court in <u>Heard</u>

regarding the reasonableness of the hourly rates of Plaintiff's counsel binding in the present case.

<u>Id.</u> at 5.  It is the Defendants' contention that the time and fees requested for various tasks are

excessive, and that there was no undue delay in paying Plaintiff the award.  <u>Id.</u> at 6-7.

Defendants submit they had others to pay before paying Plaintiff.  <u>Id.</u> at 8.  Defendants agree to

pay interest that accumulated from February 13, 2006 until September 12, 2006.  <u>Id.</u> at 6.

        Plaintiff, in his reply, contends that the rates billed by his counsel are reasonable and

reflect the skill and experience of his attorneys.  Plaintiff's Reply in Support of his Supplemental

Motion for an Award of Attorneys' Fees and Post-Judgmental Interest ("Supplemental Reply") at

1-4.  He also submits that his counsel spent a reasonable amount of time working on this case

Ricks v. Barnes, et al.                                                                                          6

before and after the judgment was entered in his favor.  Id. at 4-7.

**STATUTORY FRAMEWORK**

The Civil Rights Attorney's Fees Award Act of 1976, 42 U.S.C. § 1988 provides, in

pertinent part, that:  "[i]n any action or proceeding to enforce a provision of sections 1977,

1977A, 1978, 1979, 1980, and 1981 of the Revised Statutes [42 U.S.C.S. §§ 1981-1983, 1985,

1986] . . . the court in its discretion may allow the prevailing party, other than the United States,

a reasonable attorney's fee as part of the costs . . . ."  "The 'plaintiff[] may be considered a

'prevailing party' for attorney's fees purposes if [he] succeed[ed] on any significant issue in

litigation which achieves some of the benefit the parties sought in bringing suit.'"  Talley v.

District of Columbia, 433 F. Supp. 2d 5, 7 (D.D.C. 2006).

"[T]he court 'in its discretion' may allow a fee, but that discretion is not without limit: the

prevailing party 'should ordinarily recover an attorney's fee unless special circumstances would

render such an award unjust.'"  Blanchard v. Bergeron, 489 U.S. 87, 89 (1989).  "The most

useful starting point for determining the amount of a reasonable fee is the number of hours

reasonably expended on the litigation multiplied by a reasonably hourly rate."  Hensley v.

Eckerhart, 461 U.S. 424, 433 (1983).  "The district court . . .should exclude from this initial fee

calculation hours that were not 'reasonably expended'" on the litigation.  Id. at 434.  "The

purpose of § 1988 is to ensure 'effective access to the judicial process' for persons with civil

rights grievances."  Id. at 429 (quoting H. R. Rep. No. 94-1558, at 1 (1976)).

**DISCUSSION**

In this case, there is no dispute that the Plaintiff is a prevailing party, as is required by 42

Ricks v. Barnes, et al.                                                                                        7

U.S.C. § 1988.  <u>See</u> Notice of the Court of Plaintiff's Acceptance of Defendant's Offer of

Judgment (Document No. 17); Judgment (Document No. 18).  The Defendants in this case do not

question or object to the amount of costs that the Plaintiff requests. <u>See</u> Defendants' Opp.;

Supplemental Opp. The Defendants agree to pay the interest in the amount of $919.38 which

accrued between the entry of the judgment and when the award was paid, pursuant to 28 U.S.C. §

1961.  Therefore, the undersigned finds that the Plaintiff is a prevailing party and is entitled to

reasonable attorneys' fees, costs, and interest.  The court will now address whether the amount of

attorneys' fees and costs the Plaintiff seeks is reasonable.

**<u>Billing Rates</u>**

        The undersigned will first address the reasonableness of the hourly rates charged by

Plaintiff's counsel.  Plaintiff  contends that four attorneys worked on his case, two from the firm

Goodwin Procter ( John Moustakas, Esquire and David Huitema, Esquire) and two from the

American Civil Liberties Union ( Arthur Spitzer, Esquire and Frederick Mulhauser, Esquire).

Plaintiff's Mem. at 5.  In determining the hourly rate for the ACLU attorneys and paralegals,

Plaintiff relied on the <u>Laffey</u> matrix.  <u>Id.</u>  Plaintiff's counsel that worked for Goodwin Procter

used their customary billing rates, with Mr. Moustakas, a partner, charging $475.00, and Mr.

Huitema charging $365.00 an hour.  The Plaintiff  also asks for the customary rates for Goodwin

Procter's paralegals, clerks and summer associates.  <u>Id.</u> at 5-8.  The Plaintiff contends that the

hourly rates he has used in his calculations are reasonable compared to the market rates in the

D.C. area.  <u>Id.</u> at 6. The Plaintiff has provided the declarations of John Aldock, chair of

Washington, D.C. office of Goodwin Procter, and Arthur Spitzer, Director of ACLU of the

National Capital Area, in support of his contention that the hourly rates used in determining the

Ricks v. Barnes, et al.                                                                 8

fees are reasonable.  <u>See</u> Plaintiff's Exhibits D, E.

 The Plaintiff also contends that Defendants have waived any argument as to the usual and customary hourly billing rates of Goodwin Procter.  Supplemental Motion at 4.  Plaintiff's counsel represented a party in an action against the Defendants in which Plaintiff prevailed and was entitled to attorneys' fees in a civil rights case.  <u>Id.</u>  In that case, the Defendants argued that Plaintiff's counsel did prove that they were entitled to their customary rates in complex civil litigation, but not in federal civil rights litigation.  <u>Id.</u>  Plaintiff contends that the courts have ruled there is no difference between complex federal litigation and federal civil rights litigation. <u>Id.</u> (citing <u>Covington v. District of Columbia</u>, 57 F. 3d 1101, 1111 (D.C. Cir. 1995)).  Plaintiff argues that his case was not merely a false arrest claim, but complex litigation involving the Defendants' use of post-and-forfeit procedures that violated Plaintiff's Fifth and Eighth Amendment rights.  Plaintiff's Reply at 13.

 Defendants contend that the Plaintiff has not justified the hourly rates charged by Mr. Moustakas and Mr. Huitema.  Defendants' Opp. at 7.  It is their contention that Plaintiff's counsel should be held to the United States Attorney's Office <u>Laffey</u> matrix.  <u>Id.</u> at 8. Defendants submit that Plaintiff's counsel do not have significant experience in litigating § 1983 cases, and that Mr. Moustakas, lead counsel in Plaintiff's case, had little or no civil litigation experience before this case.  <u>Id.</u> at 9.  Instead of proving what a fair rate is for complex litigation, Defendants argue that Plaintiff should have provided evidence of the hourly rate attorneys charge in § 1983 cases.  <u>Id.</u> (citing <u>Buffington v. Baltimore County</u>, 913 F. 2d 113 (4th Cir. 1990)). Defendants submit that Plaintiff's counsel did not prove that they had significant experience in civil rights litigation, or that the hourly rates requested for Mr. Moustakas and Mr. Huitema were

Ricks v. Barnes, et al.                                                                 9

customary in civil rights cases.  Id. at 10.  Defendants ask that Mr. Moustakas and Mr. Huitema

be awarded fees at the hourly rate of $195.00, which is what the United States Attorney's Office

Laffey matrix provides for attorneys with one to three years of experience.  Id.  Defendants

contend that any decision made in Heard with regard to hourly rates has no bearing on this case

even though Plaintiff's counsel received the rate it requested.  Supplemental Opp. at 5.  The

Defendants argue that in Heard there was an issue of complex federal constitutional issues, while

in the present case, the issue is merely false arrest.  Id.

        The court should attempt to establish the "reasonable hourly rates" as close as possible to

"the prevailing market rates in the relevant community."  Blum v. Stenson, 465 U.S. 886, 895

(1984).  "In determining the market rate for services of an attorney in private practice, the

attorney's customary billing rate will provide a presumptive measure."  Lebron v. Washington

Metro. Area Transit Auth., 665 F. Supp. 923, 925 (D.D.C. 1987) (citations omitted).  "[A] fee

applicants' burden in establishing a reasonable hourly rate entails a showing of at least three

elements: the attorneys' billing practices; the attorneys' skill, experience and reputation; and the

prevailing market rates in the relevant community."  Blackman v. District of Columbia, 59 F.

Supp. 2d 37, 43 (D.D.C. 1999) (citations omitted).   Plaintiff offers as an exhibit to Plaintiff's

Memorandum in support of his motion the Declaration of John Aldock, Chair of the Washington

Office of Goodwin Procter, that described the skill level and experience of Mr. Moustakas and

Mr. Huitema.  Plaintiff's Mem., Exhibit D.  Mr. Aldock also explains the billing practices and

rates of Goodwin Procter in his declaration.  Id.  Plaintiff also submitted declarations of other

local attorneys and news articles in support of his claim that the hourly rates charged by

Plaintiff's counsel are in line with the market rates for similarly skilled attorneys.  Id. Exhibit D,

Ricks v. Barnes, et al.                                                                    10

Exhibits 1-5.  Plaintiff also submits the Declaration of Mr. Spitzer in support of the hourly rates

of the ACLU attorneys and staff pursuant to the updated <u>Laffey</u> matrix.[3]  <u>Id.</u> Exhibit E.

_____The undersigned finds that Plaintiff's counsel have demonstrated the reasonableness of

their billing rates in accordance with the applicable precedent, and that Defendants' arguments to

the contrary are wholly conclusory.  <u>Covington</u>, 57 F.3d at 1111; 42 U.S.C. § 1988.

**<u>Reasonable Hours Spent Litigating the Matter</u>**

The undersigned will now determine whether the number of hours that Plaintiff contends

were spent litigating his case was reasonable.

Plaintiff contends that his counsel spent approximately 39 hours doing a factual

investigation of his claim, including interviewing the Plaintiff, interviewing witnesses,

investigating Officer Barnes history of abusive behavior, and researching the Defendant's use of

the post-and-forfeit procedure.  Plaintiff's Mem. at 8.  Plaintiff's counsel submits that they spent

approximately 113 hours doing legal research and drafting the complaint, including research on

the use of post-and-forfeit as violations of Fifth and Eighth Amendment rights.  <u>Id.</u> at 9.  Plaintiff

contends approximately 12.5 hours were spent litigating Defendants' untimely motions for an

extension to file an answer, which Plaintiff says could have been avoided if Defendants had

followed the Rules of Civil Procedure.  <u>Id.</u>  Plaintiff contends that his counsel spent

approximately 47 hours drafting a successful response to Defendants' motion for summary

judgment, which was denied in its entirety by the court.  <u>Id.</u> at 10.  Plaintiff's counsel submits

that 67 hours were spent negotiating a fee award with Defendants and preparing the fee petition

---

[3]Plaintiff used the Laffey matrix that has been updated by Dr. Michael Kavanaugh rather than the Laffey matrix that is updated by the United States Attorney's Office, but both are approved for use in federal court litigation in the District of Columbia.  <u>See</u> <u>Smith v. District of Columbia</u>, 466 F. Supp. 2d 151, 156 (D.D.C. 2006).

Ricks v. Barnes, et al.                                                                 11

when an award could not be agreed upon.  Id.

    The Defendants contend that the number of hours billed by Plaintiff in his original

petition are excessive considering the amount of written work produced.  Defendants' Opp. at 10.

Defendants contend that the 37.5 hours spent by Plaintiff's counsel regarding the post-and-forfeit

issue was excessive and the $10,648.00 charged for those hours should be reduced by two-thirds

because of the prior experience they claim to have to $3,546.66.  Id. at 11.  Defendants also

contend that Plaintiff spent an excessive amount of time, 8.4 hours, on the Notice of Acceptance

of the Offer of Judgment, which was a one-page document that contained three sentences.  Id.

The Defendants believe that it was excessive for Plaintiff's counsel to spend two hours drafting

and serving the notice.  Defendants ask that the award be reduced from $3,275.00 to $1,091.66, a

two-thirds reduction.  Id.  Defendants also contend that the documentation of the work performed

is inadequate, and that the fees requested be reduced for that reason as well.  Id.  Plaintiff's

counsel spent an estimated total of 51 hours preparing its fees petition, and Defendant argues this

is excessive for a 13-page brief, especially since they had just completed a similar one in Heard

not long before filing the petition in this case.  Id.  The 2.3 hours spent on researching the issues

relevant to the petition should not be allowed, or should be reduced by half, because, Defendants

submit, the research was undertaken in the Heard case.  Id. at 13.  Defendants ask that the

$8,981.55 billed for the drafting, discussing, and meeting for the petition should be reduced by a

third, because of Plaintiff's counsel prior experience, to $2,993.85.  Id.  Defendants also contend

that several billing entries by the Plaintiff have no basis and should not be applied, such as 2.8

hours billed for "review of prior history around false assertions concerning motion for extension"

on February 2, 2006.  Id. at 14, see Plaintiff's Mem., Exhibit G, page 5.

Ricks v. Barnes, et al.                                                                                    12

Defendants argue that the amount of fees requested should be reduced because the
Plaintiff used improper block billing in submitting his counsel's time records, and courts have
reduced the fee award or disallowed some hours billed for such violations.  Id. (citing Role
Models, Inc. v. Brownlee, 353 F. 3d 962 (D.C. Cir. 2004).  It is also Defendants' contention that
the fee award should be reduced because the billing documentation contains numerous vague
entries that do not sufficiently describe the legal task that the client is being billed for.  Id. at 16.

By Plaintiff's Supplemental Motion, Plaintiff seeks attorneys' fees for 135 hours
expended after February 24, 2006.  Supplemental Motion, Declaration of John Moustakas at 1.
Plaintiff's counsel spent 7.5 hours helping the Plaintiff by determining what options they had to
help the Plaintiff financially as he waited for the payment of the award by the Defendants.  Id. at
3.  Plaintiff also contends that 11.7 hours were spent investigating the delay in payment of the
award by the Defendants when they had failed to pay the award in time pursuant to the Federal
Rules of Civil Procedure.[4]  Supplemental Reply at 7.   Plaintiff contends that counsel spent
approximately 25 hours responding to Defendants' request for an extension of time to file an
opposition to its original fee petition and an additional 33 hours drafting a 15-page Reply to the
Defendants' Opposition to the original fee petition.  Supplemental Motion, Declaration of John
Moustakas at 3.

Defendants contend that the Supplemental Motion contained an exaggerated amount of
time and fees that Plaintiff's counsel needed to perform various legal tasks.  Supplemental Opp.
at 6.  Defendants contend that the 20.5 hours Plaintiff's counsel claims they spent in one day,

---

[4]Plaintiff contends that pursuant to Federal Rule of Civil Procedure 62(a), a party has ten days to pay a
judgment unless the parties agree to a later date, and he contends because the judgment was entered on February 13,
2006, the payment became delinquent after February 23, 2006.

Ricks v. Barnes, et al.                                                                        13

February 27, 2006, preparing the Motion for fees is excessive for a 13-page brief, and that the $7,801.50 in fees should be reduced by half to a total amount of $3,900.75.  Id.  Defendants contend that the 3.4 hours spent in meetings and researching ways to enforce the judgment 15 days after it was entered was premature since the Defendants are the ones who made the offer of judgment and there was no reason at that time for Plaintiff's counsel to believe they would have to move to enforce it.  Id.  Defendants submit that the 14.8 hours spent and the fee request of $5,819.50 for discussion of Defendants' motion for extension of time are excessive and that Plaintiff should receive only one hour's fee at the United States Attorney's Laffey matrix rate of $195.00.  Id. at 6-7.  Defendants also contend that the 8.8 hours and fee request of $3,212.00 for work on the actual opposition to Defendants' motion for extension of time is excessive, and that the fee should be reduced by two-thirds, to $1,070.66.  Id. at 7.  Defendants submit that the fee requested by Plaintiff's counsel of $11,641.50 for 30.9 hours of work on a 15-page reply to Defendants' opposition to the original fee petition is an exorbitant amount and should be reduced to one-fourth of that amount, $2,910.37.  Id.  Lastly, Defendants ask that they not be required to pay the fee request of Plaintiff for 10.4 hours that Plaintiff's counsel spent with Plaintiff researching and finalizing a private financial agreement because Defendants are not responsible for Plaintiff's financial situation.  Id.  Therefore, Defendants ask that the request for $3,744.00 for the services in fees not be allowed.  Id.

     "The district court should exclude from [the] initial fee calculation hours that were not 'reasonably expended.'"  Hensley v. Eckerhart, 461 U.S. 424, 434 (1983).  "[P]laintiffs must submit supporting documentation with the motion for attorneys' fees, providing sufficient detail so that the court can determine 'with a high degree of certainty' that the hours billed were . . .

Ricks v. Barnes, et al.                                                                    14

reasonably expended, . . . and that the matter was appropriately staffed to do the work required

efficiently[.]"  Watkins v. Vance, 328 F. Supp. 2d 23, 26 (D.D.C. 2004) (citing In re Olson, 280

U.S. App. D.C. 205 (D.C. Cir. 1989)).  Once a plaintiff has provided such information it is

presumed the hours billed and the hourly rate are reasonable, and the government then has the

burden to rebut the presumption.  Id.  If the government does not accede to the request then it

must provide specific contrary evidence tending to show that a lower rate would be appropriate.

Covington, 57 F. 3d at 1109-10.

    The Defendants, in asking that the fee awarded to Plaintiff's counsel be reduced, make

general objections regarding vague entries and block billing in the fee petition.  Defendants' Opp.

at 14-16.  However, in making these objections, the Defendants do not make specific references

to the fee petition where such entries occurred. The courts in this district reject conclusory

arguments in opposition to a fee petition.  See Holbrook v. District of Columbia, 305 F. Supp. 2d

41, 46 (D.D.C. 2004); Nat'l Ass'n of Concerned Veterans v. Sec'y of Def., 675 F.2d 1319, 1337-

38 (D.C. Cir. 1982) ("Just as the [fee] applicant cannot submit a conclusory application, an

opposing party does not meet his burden merely by asserting broad challenges to the

application.").  Therefore, the undersigned, after reviewing the petitions, does not find that the

entries were vague, nor that there was any improper block billing.

    Defendants argue that there should be a fee reduction for the unreasonable amount of

meetings Plaintiff's counsel held and that they should not be double billed for meetings between

senior and junior attorneys.  After reviewing the entries in the petition, the undersigned does not

find the meetings to be excessive, and instead, finds that such meetings were reasonable and

appropriate to ensure proper supervision.  In any event, "there is no . . . authority for allowing

Ricks v. Barnes, et al.                                                                    15

only one lawyer to charge for time that more than one lawyer justifiably spent." <u>McKenzie v.</u>
<u>Kennickell</u>, 645 F. Supp. 437, 450 (D.D.C. 1986).

        The Defendants contend that the hours and fees requested for several legal tasks were

excessive considering the task and issues in this case, and offer as an example 30.9 hours spent

by Plaintiff's counsel for preparing a 15-page reply, and 25 hours spent opposing Defendants'

motion for extension of time.  However, Plaintiff's counsel have used their billing judgment and

has excluded approximately 75 hours and $21,011.60 from its fee petitions.  <u>See</u> Plaintiff's

Mem., Exhibit G; Supplemental Motion, Moustakas Declaration at 2.  "It is neither practical nor

desirable to expect the trial court judge to have reviewed each paper . . . to decide, for example,

whether a particular motion could have been done in 9.6 hours instead of 14.3 hours." <u>Copeland</u>

<u>v. Marshall</u>, 641 F. 2d 880, 903 (D.C. Cir. 1980).  Plaintiff's counsel provided sufficient

evidence in their memoranda, declarations, and exhibits to explain the reasons for the hours and

fees requested.

        Some of the fees about which the Defendants complain could have been avoided if they

had not made untimely filings, to which Plaintiff objected.  However, the undersigned does agree

with the Defendants that they should not be responsible for attorneys' fees and costs for

Plaintiff's counsel's efforts to help Plaintiff with his financial troubles.  The undersigned

commends Plaintiff's counsel for their willingness to help their client in his time of need;

however, Plaintiff's financial condition was not the subject of the litigation.  The undersigned

will deduct from the award the fees related to such matters.  Because the parties differ as to the

amount of hours billed for time spent by Plaintiff's counsel dealing with Plaintiff's financial

situation, the undersigned will reduce the fees award by $3,000.00, the undersigned's estimate of

Ricks v. Barnes, et al.                                                                 16

the amount.

"[T]he most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation by a reasonably hourly rate," known as the lodestar. Robinson v. District of Columbia, No. 97-787, 2000 U.S. Dist. LEXIS 14475, at *26 (D.D.C. 2000). The undersigned has found that Plaintiff's counsel's rates and hours spent on this case are reasonable except for the time Plaintiff's counsel spent helping Plaintiff with his financial situation. Therefore, the undersigned finds that the attorneys' fees requested by Plaintiff are reasonable except for the $3,000.00 that the undersigned will deduct from the request.

**CONCLUSION**

Upon consideration of Plaintiff's Motion for Award of Attorney's Fees and Costs Pursuant to Fed. R. Civ. P. 54(d) and Plaintiff's Supplemental Motion for Award of Attorneys' Fees and Costs Pursuant to Fed. R. Civ. P. 54(d) and Post-Judgment Interest Under 28 U.S.C. § 1961, the memoranda in support thereof and in opposition thereto and the entire record herein, the undersigned finds, for the reasons set forth herein, that Plaintiff has shown he is entitled to attorneys' fees of $129,935.40, costs of $786.50, and post-judgment interest. The undersigned therefore will recommend that Plaintiff's Motion for Award of Attorney's Fees and Costs Pursuant to Fed. R. Civ. P. 54(d), and Plaintiff's Supplemental Motion for Award of Attorneys' Fees and Costs Pursuant to Fed. R. Civ. P. 54(d) and Post-Judgment Interest Under 28 U.S.C. § 1961, be **GRANTED**.

_____

Ricks v. Barnes, et al.                                                                 17

March 28, 2007                    _____        _____/s/_____
_____                        DEBORAH A. ROBINSON
_____                        United States Magistrate Judge

**Within ten days after being served with a copy, either party may file written objections to this report and recommendation.  The objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for the objection. In the absence of timely objections, further review of issues decided by this report and recommendation maybe waived.**