UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LAFAYETTE RICKS )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MPD OFFICER TOMMY BARNES )<br>)<br>*and* )<br>)<br>The District of Columbia )<br>)<br>Defendants. )<br>) | Civil Action No.: 05-1756 HHK |

## **PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR AN EXTENSION**

Because Defendants chronically have failed to make timely filings in this case, plaintiff opposes the request for additional time to object to the Magistrate's Report and Recommendation in Plaintiff's Motion for Attorney's Fees.

**1.**

The Report and Recommendation was docketed on March 28, 2007, and instantly served electronically on the parties. Local Rule 72.3(b) requires parties to file written objections within 10 days after being served with a magistrate judge's Report and Recommendation. Defendants have not filed timely objections to the Report and Recommendation. Instead they have filed – quite predictably – an eleventh-hour request for a **30-day** extension of the **10-day** period for objecting to the Report and Recommendation. The characteristic timing and weakness of Defendants' request only serves to amplify the District's arrogant expectation that such

extensions are a matter of its right, rather than a privilege for which adequate justification must be shown.

Defendants have filed *four* responsive pleadings in this case. *Three* of those *four* pleadings were preceded by requests for extensions of time. In short, this has been the District's *modus operandi* in this and many other cases.[1] This time the District asks to expand the period for response by 300%. Why? Because its lawyer was preparing for trial and handling other cases. Nonsense – that's what lawyers do everyday. However odious, it is part of the lawyer's job to manage their caseload.

Its apparent belief that this is a valid excuse for seeking more time may explain why the District takes for granted that it will receive any extension request it seeks. As we said in response to the District's very first request for extension, there are times when the need for more time is unavoidable and it should be granted. This is not one of those times. If the circumstances were as dire as counsel alleges, it is reasonable to expect the filing of the ministerial motion promptly after the Report and Recommendation were docketed, not two weeks later. The District's behavior in this case is part of a pattern of deliberate disregard for the rules of this court, and not excusable neglect. As such, it should not be tolerated and the motion for an extension should be denied.

**2.**

The consequence of the District's failure is very real. By failing to make timely objections, it has lost its right to *de novo* review of the Report and Recommendation. See Local Rule 72.3(c) ("a judge shall make a *de novo* determination of those portions of a magistrate

---

[1] The District's dilatory conduct has not been limited to this case alone. In another case involving the undersigned counsel, when the District made a belated request for extra time in which to oppose a fee petition, Judge Kollar-Kotelly noted that: "***The only conclusion that the Court can reach is that the defense counsel***

judge's findings and recommendations *to which objection* is made . . .") (emphasis added).  See also *Miller v. Holzmann*, No. 95-1231(RCL), 2007 WL 710132 at *1 (D.D.C. Mar. 6, 2007).  It also means that the Report and Recommendation may be accepted by the Court without review. *Id*.  We are mindful that the leniency the District often receives reflects judicial solicitude for the blameless public whose fisc the attorney general is charged with protecting.  But such leniency has only emboldened the District's dilatory behavior.  If only to teach it an important lesson, the District should be made to live with the consequences of its chronic, if not pathological, contempt for the Court's rules.[2]  This is particularly so in a case like this, where its hypocrisy is manifest in the attacks it levels on the fees its opponents incur because of its own repeated misconduct.

---

*in this case and the Attorney General's Office have little regard for court orders and deadlines*." See *Heard* v. *District of Columbia*, No. 02-296 (CKK) (Order, 10/6/05).

[2]  One sidelight that should not go unmentioned is the hypocrisy of the District's position in fee litigation.  Routinely sniping at the time spent by counsel on matters for which recovery is sought, the District ignores its singular role in raising those fees beyond what might have been necessary by its dilatory conduct, its refusal to abandon meritless positions, and its overall style of litigation.  If the District wants to spend less of the public fisc on legal fees of prevailing parties it should learn to assess the merits of those cases realistically and to litigate more responsibly.

3

## CONCLUSION

For the reasons indicated above, plaintiff opposes defendants' requested relief.

                    Respectfully submitted,

                     /s/  Miriam H. Cho
                    John Moustakas (DC Bar # 422076)
                    Miriam H. Cho (DC Bar # 495136)
                    Goodwin | Procter LLP
                    901 New York Avenue, NW
                    Washington, DC 20001
                    (202) 346 – 4000
                    (202) 346 – 4444 (fax)

                    Arthur B. Spitzer (DC Bar #235960)
                    Frederick V. Mulhauser (DC Bar # 455377)
                    American Civil Liberties Union of the
                    National Capital Area
                    1400 20th St., NW, Suite 119
                    Washington, DC 20036
                    (202) 457-0800
                    (202) 452-1868 (fax)

                    Attorneys for Lafayette Ricks

Submitted:  April 17, 2007