**GOODWIN | PROCTER**

John Moustakas
202.346.4236
jmoustakas@
goodwinprocter.com

Goodwin Procter LLP
Counsellors at Law
901 New York Avenue, N.W.
Washington, D.C. 20001
T: 202.346.4000
F: 202.346.4444

2006 FEB -9 A 11: 24

February 6, 2006

Urenthea McQuinn
Assistant Attorney General
for the District of Columbia
441 4th Street, N.W.
Washington, D.C. 20001

Re:   *Ricks v. District of Columbia, et al.*

Dear Ms. McQuinn:

It was with both surprise and disappointment that I received electronic notification of the District's *Notice to the Court of Plaintiff's Acceptance of Defendant's Offer of Judgment* ("*Notice of Acceptance*") last Thursday. Because it ordinarily results in a prompt entry of judgment that triggers the 14-day deadline for filing a fee petition under Fed. R. Civ. P. 54(d), we informed you orally and in writing that we did not want the *Notice of Acceptance* filed until the parties had some time to discuss settlement – just as the courts have admonished us to do. Ignoring a simple request aimed at facilitating compromise is not only evidence of the District's tin ear, but reconfirms the District's mystifying penchant for unnecessary conflict.

Since extensions of time are routinely granted to permit the parties to negotiate over fees, little was gained by filing the *Notice of Acceptance*. But something significant was lost. Insisting on unilaterally imposing its will, the District telegraphs that the likelihood of *any* compromise – however small – is not great. If the District cannot even be persuaded to respect Mr. Ricks' wishes where to do so would cost it nothing, how can he have faith in the District to make the kind of compromises that really matter?

That is the nub of the problem I have previously identified in this case and have repeatedly seen in litigating against the District of Columbia. The District routinely cuts off its nose to spite its face. Thus, to win some petty (and fleeting) debater's point – like proving it could frustrate our effort to delay the entry of judgment – the District poisons the chance for the kind of goodwill and trust that is essential reaching compromise. Antagonism may occasionally be a by-product of litigation, but it should never be the goal. Yet that is the way it often seems when litigating against the District. As a lawyer for the District, your behavior matters. It largely dictates how the District will be regarded in this and future cases. In neither case does it augur well for the prospects of compromise.

GOODWIN | PROCTER

Urenthea McQuinn
February 6, 2006
Page 2

You may have disagreed (perhaps even legitimately) with our desire to delay the entry of judgment and, more importantly, the filing of a fee petition. We don't know because you refused to talk about it before acting. And when you refuse to subject your opposing views to the give-and-take of a full and fair discussion, only two conclusions can be drawn – both of them bad. Either it betrays acknowledgment that your views cannot withstand probing scrutiny or it conveys disrespect and contempt.

Here, the case is worse still because you attempted to create a paper record inconsistent with the true state of affairs. Thus, you sent a backdated letter purporting to notify counsel of your intent to file the *Notice of Acceptance* a day before the filing when, in fact, the letter was sent less than 15 minutes before the very *Notice* it purported to warn of was, itself, publicly filed. Sending it well after the close of business, you doubly insured that even in the short time it took you to get your *Notice of Acceptance* on file, Mr. Ricks would have no meaningful opportunity to respond. Since giving us notice of your *intent to file* only minutes before you *actually filed* could not have been intended to give meaningful notice, its inclusion in your backdated letter seems deceptive. And in so doing it harkens back to similar conduct earlier in this case.

Your conduct has forced our hand. We must either begin preparing a fee petition with the knowledge that its expense will be yours to bear or we must file a motion to extend the time in which to file a fee petition, work also chargeable to the District. See, *e.g.*, *Noxell Corp. v. Firehouse No. 1 Bar-B-Que Restaurant*, 771 F.2d 521, 528 (D.C. Cir. 1985). We are interested in a prompt resolution of this matter, not unending delay. After all, Mr. Ricks accepted the District's Offer of Judgment, among other reasons, to avoid the inconvenience and disruptions associated with protracted litigation. Therefore, we are not looking to invite on the backend the very delays we settled the case to avoid in the first place. Thus, we are only inclined to seek an extension aimed at giving time for fee negotiation if the District intends to act in good faith and not merely to create further delay.

We have already provided a breakdown of the amount of time spent on each phase of the litigation to date, and as previously indicated, we are pulling together our billing records in this matter. To get a sense of whether any compromise is possible, we need to know how quickly the District will respond with an offer if we provide that billing information, and we also need to better understand the District's current thinking about what a reasonable fee award would be in

GOODWIN | PROCTER

Urenthea McQuinn
February 6, 2006
Page 3

this case. (That you do not yet have our time records will not be an acceptable excuse for failure to do either of these things since you know what we have done and how much time was spent by category.) If you can provide that information by this Friday, February 10, we are prepared to agree to a modest, one-time extension that would result in avoiding litigation over fees. Otherwise, we will have no choice but to turn immediately to preparing our fee petition. And if we do, we will expect the District's response to be promptly filed thereafter.

Sincerely,

John Moustakas

cc:   Arthur B. Spitzer